L. D. Brewer, Executor, et al. *v.* George Cook.

Complaint of the non-joinder of other parties defendant and the mis-joinder of plaintiffs, can not be made when the case stands at issue on the merits.

It did not appear that defendant had any establishment or agent in the parish of West Feliciana, at the time suit was brought, and it did appear that he had a house and home in Catahoula, to the jurisdiction of the court of which parish he had excepted—*Held :* Even if he resided alternately in the two parishes, he might have been sued in either.

The nature and extent of the service of counsel may be proved by parol.

APPEAL from the District Court of the parish of Catahoula, *Barry,* J.
*Mayo,* for plaintiffs. *Hendry,* for defendant and appellant.

Spofford, J. Parties who rely upon merely technical exceptions, should be careful to keep within technical rules themselves. The present appellant pleaded but one of the numerous exceptions relied upon in his brief, in such a manner as to require this court to pass upon it. No specific defect in the form of the citation, or of the Sheriff's return, was pointed out upon the record, so no such defect can be noticed here. The defendant's complaints as to the non-joinder of other parties defendant, and the mis-joinder of parties plaintiff, came too late after the exceptions taken *in limine,* were overruled, and the case stood upon its merits.

We think there was no error in overruling the plea to the jurisdiction of the District Court of Catahoula. It does not appear that the defendant had any establishment or agent in the parish of West Feliciana, at the time suit was brought, and it does appear that he had a house and home in Catahoula. Even if he resided alternately in the two parishes, he might have been sued in either. "The domicil of each citizen is in the parish wherein his principal establishment is selected. The principal establishment is, that in which he makes his habitual residence ; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides, may be considered as his principal establishment, at the option of the persons whose interest are thereby affected. C. C., Art. 42.

The nature and extent of the services of counsel could be proven by parol. Their signatures to pleadings were immaterial, as they appear to have been employed to advise and assist other counsel.

It is true the opinion of witnesses as to the value of the services is not conclusive upon the court. But there are facts disclosed in the testimony relative to the property and sums in controversy, which corroborate the estimates of counsel, and we are not convinced that the charges allowed by the District Judge were exorbitant.

It is therefore ordered, that the judgment be affirmed, with costs.

Merrick, C. J., took no part in this decision.