No. 980.

W. J. Q. Baker vs. Henry Frellsen. W. J. Q. Baker vs. T. P. Richardson, Sheriff, et al. Consolidated.

A Motion to dismiss the Appeal will be denied when the reasons urged by Appellee require an investigation into the facts and merits of the case.

A compromise between creditor and debtor, by which the amount of the debt, the terms and mode of payment, the rate of interest and the nature of the securities are changed, does not effect a *novation*, unless the intention of the parties to novate the obligation is particularly expressed.

The surety on an Injunction bond is discharged by an agreement entered into, without his consent, by the Plaintiff and Defendant, to have the case tried at chambers and decided after Court term.

Judgment on the Exception of No cause of action, when it maintains the Exception, constitutes *Res judicata* as effectually as if rendered on the merits of the case.

APPEAL from the Fifth Judicial District Court, parish of Ouachita. F. P. *Stubbs*, Special Judge.

---

W. J. Q. Baker, *propria persona*, and John T. Ludeling for Plaintiff and Appellee :

The parties, by their Compromise, have novated the original debt, and the vendor's privilege, which secured it, was not transferred to the new debt. Jacobs' Law Dictionary, vol. 4, p. 279. C. C. 2189 *et seq.* Pothier, vol. 1, p. 433, No. 546 *et seq.* Domat, 2305.

Plaintiff is entitled by law to his homestead. 28 An. 333.

Boatner & Liddell for Defendant and Appellant :

First—When it appears that the husband and wife in a former injunction, decided adversely to them, each claimed the homestead, the plea of *res adjudicata* will be maintained when the husband alone, in a second injunction, issued on the same judgment, again claims a homestead on the identical land. 9 An. 208 ; 12 An. 613 and 199 ; 30 An. 230, 441 ; 5 La. 244.

Second—In a suit to annul a judgment from which an appeal has been taken on the ground of error and fraud, patent in the record, the plea of *lis pendens* will be maintained against the suit to annul when the petition in the suit to annul sets forth the same grounds as the petition of appeal. The remedy is by appeal. 30 An. 793 ; 23 An. 147 ; 9 An. 197, 428 ; 17 An. 726.

Third—In order to annul a judgment for fraud, the evidence must be clear and positive. 11 La. 139.

Fourth—When it appears that the debt, the basis of the judgment, is for the purchase price of the property, and when that debt is secured by mortgage retained in the notarial deed to secure the vendor, or any *bona fide* owner of said notes, the judgment of the court may properly decree the recognition and enforcement of the special mortgage and vendor's privilege, unless it is specifically renounced.

Fifth—The renunciation of the vendor's privilege will not be presumed ; its renunciation must be clear and explicit.

Sixth—Though the vendor's privilege do not exist, yet if it appear that the debt for which the property is pursued is for the purchase price thereof, the debtor cannot maintain a homestead on the property. 28 An. 415, 183.

Seventh—Novation is not presumed ; the intention to novate must be clearly deducible from the terms of the agreement.

Eighth—When a debt is merely divided into installments and the interest thereon reduced, there is no novation.

Ninth—The testimony of the attorney who drew up the judgment is properly admissible to disprove an allegation of fraudulent intent in writing up said judgment.

Tenth—One pursued by the innocent third holder of notes representing the purchase price of a piece of property will not be allowed to

introduce evidence to destroy the title of his vendor and his own in order to defeat said claim. C. C. 2185-7-9-90 ; Pothier (559); 3 An. 600 ; 4 An. 281 ; 9 An. 228 ; 29 An. 841 ; 26 An. 691 ; 13 An. 549 ; 10 Rob. 418.

Eleventh—When an injunction is manifestly taken without good ground, and for the purpose of delay, it will be dissolved with damages.

Twelfth—When the parties to a suit enter into a written agreement that the judge shall decide the case in chambers and file his judgment in the clerk's office, and said agreement is spread on the minutes of the court, a judgment rendered in accordance therewith, as between the parties, will be valid.

Thirteenth—Where a judgment contains a stay of execution, the judgment debtor is in default by the terms of the contract if he fails to pay the installment according to the terms of the judgment.

Fourteenth—It is not to be presumed that a clerk would issue an execution except when legally authorized to do so.

Fifteenth—The judgment debtor who enjoins the execution upon the ground that it issued prematurely must allege and prove the facts necessary to sustain his defense.

---

The opinion of the Court on the Motion to Dismiss was delivered by BERMUDEZ, C. J.

The opinion of the Court on the Merits was delivered by LEVY, J.

The opinion of the Court on the Application for Rehearing was delivered by BERMUDEZ, C. J.

---

### ON MOTION TO DISMISS.

BERMUDEZ, C. J. The plaintiff, Baker, having, in aid of a suit previously instituted, obtained an injunction to arrest a suit against him, furnished the bond required, with John T. Ludeling as surety therein.

Parties plaintiff and defendant being desirous of having the suit determined, agreed that it could be heard and decided, *at chambers*, after the adjournment of the court and term time.

The document signed to that effect was noted on the minutes. It was not signed by the surety on the bond for the injunction.

In furtherance of the agreement, the case was taken up, decided, and the judgment was signed by a judge *ad hoc* at chambers, without any knowledge or participation on the part of the surety.

The judgment was, that the injunction be dissolved without damages. From this judgment an appeal was taken by petition, and citation was served on the surety on the injunction bond. He now moves this Court to dismiss the appeal, because he was no party to the consent that the

case be tried *at chambers*, and is not bound by the judgment so rendered.

Of whatever relief the irregularities charged may be to the surety, they cannot be inquired into on a motion to dismiss, as they necessitate an investigation into the facts of the case as presented by the appeal. The validity of those objections will be tested and passed upon when the merits of the case will be considered and determined.

Motion overruled.

## ON THE MERITS.

LEVY, J. These two suits are consolidated, and the issues involved are, in the main, common to both.

In suit, 1415, vs. Frellsen, the plaintiff alleges that in the judgment rendered in suit No. 1281 (Nos. 1219 and 1358 being consolidated therewith) the following words were fraudulently interpolated and interjected, with the intention to defraud and damage him, and he prays that said judgment be amended and set aside on account of error and fraud, and that the execution issued thereon be quashed.

In suit No. 1416, plaintiff averred that suits No. 1219 and 1358 had been merged in suit No. 1281, and that the judgments therein and the debts mentioned in them had been novated. He further avers that the mortgage recognized in the judgment in No. 1281 is the only security which the judgment creditor has for the payment of the debt created by the agreement entered into between him and Frellsen, said creditor, on the 6th of January, 1877; that "through error and fraud" the words "and vendor's privilege" were incorporated and interpolated in said judgment in suit No. 1281 ; that if the debt, created by the agreement, is not a new debt, it is usurious, because to make it up all the interest of the old debt to the first of January, 1877, was added to the principal to make the aggregate of the new debt, and therefore the interest is usurious ; that he has not been put in default. He further alleges that he has already instituted an action to annul said judgment, and that he is entitled to a homestead on 160 acres of the plantation, to include his residence, and that no vendor's privilege or debt due for the price of said property exists thereon. He prayed for an injunction restraining the sheriff from proceeding further with the execution and with sale of the property, and that the judgment in suit · No. 1281 be annulled for error and fraud.

We had intended to discuss at some length the various questions raised by the plaintiff and involved in this case, but a reference to the record, in which we find the able and lucid opinion and reasons for judgment of the special judge by whom this case was tried in the lower court, dispenses us therefrom. In that opinion he says : "I am inclined

to think that the plea of *res adjudicata* of defendant is good as to all
the allegations and issues except those upon which the nullity is de-
manded, but prefer to examine the case on its merits as presented.
Plaintiff's theory is that only the vendor's lien can defeat this claim to a
homestead.  That though he purchased the property from Pargoud and
gave a special mortgage to secure the payment of the price, a part of
which was evidenced by the notes held by Frellsen, yet that the original
debt he owed Frellsen was extinguished by the compromise of 6th Janu-
ary, 1877, and with it fell the vendor's lien, as it was not expressly men-
tioned in the act of compromise."   As to the plea of novation, and
whether the old debt was extinguished, he says :  "Novation is not pre-
sumed ; the intention to make it must clearly result from the terms of
the agreement.  C. C. 2190.  Unless the intention *evidently* appears, a
novation is not to be presumed.   So, if subsequent to the contracting of
a debt, some act passes between the debtor and the creditor allowing a
further time, or appointing a different place for payment, or authorizing
a payment to some other person than the creditor, or agreeing to take
something else in lieu of the sum due, or by which the debtor engages
to pay a larger sum or the creditor to accept a smaller sum ; in these
and similar cases, according to the principle that novation is not to be
presumed, it should be decided that no novation had taken place and
that the parties intended only to modify, augment, or diminish the ob-
ligation, and not to extinguish the old debt and substitute a new one,
unless the contrary is particularly expressed.  Pothier on Obligations,
par. 559.

   "In this case Frellsen had notes of plaintiff, the consideration of
which was the Limerick plantation, specially mortgaged to secure them.
He had a judgment recognizing the validity of his debt and mortgage,
and from the nature of the debt the privilege of the vendor.  In making
the transaction of January 6, 1877, I cannot find any express waiver of
this right, nor does it appear evident that Frellsen intended to extin-
guish, give up, or discharge his lien, mortgage, or debt.  On the contrary,
from reference, more than once, in this contract, to the notes as being
part of the purchase price, it is evident that the intention was to per-
petuate every security he had for the payment of his debt.

   "12 Rob. 219, Citizens' Bank vs. Cuny et al.

   "3 An. 600, Bonn vs. Mahle.

   "4 An. 281, Short vs. City of New Orleans et al.

   "9 An. 228, Patterson vs. His Creditors.

   "I am forced to the conclusion that by the act of compromise the
debt of Frellsen was not novated, and therefore none of its accessories
were extinguished or impaired.

   "That the privilege of the vendor, as it springs from the nature of

the debt, exists by force of law, and need not be expressly stipulated, its renunciation must not be doubtful, but the language must clearly imply that the creditor intended to give up this right. Having arrived at this conclusion, it no longer remains an important question as to whether the words 'vendor's lien, etc.,' were properly or improperly used in the judgment. As there was no novation and the right springs from the nature of the debt, it is immaterial whether it be expressed in the judgment. The demand for the nullity of the judgment in 1281 must therefore be rejected, and the injunction as a necessary result must be dissolved."

For these reasons, the special judge dissolved the injunction, but refused to allow damages.

We concur in the opinion and reasons which we have quoted above.

The same issues being involved, and the same parties being before the Court in the case decided by our predecessors of this Court as in this, we think the judgment rendered on the appeal in which the claim for homestead was set up by the plaintiff herein is to be regarded as *res adjudicata* upon that question.

We are also of opinion that the recognition of the vendor's privilege, as complained of by the plaintiff, is not ground for annulling the judgment in 1281. The incorporation of these words gave the defendant herein no greater rights over the property seized than if they had been omitted. The homestead right was affected by the debt for the purchase price, and a debt for the purchase price created by operation of law a privilege upon the property affected by such debt. The insertion in the judgment, by the attorney who drew it up, in no manner added to the rights of the creditor or took any thing away from those of the debtor. The other allegations in the petition of plaintiff for the injunction in No. 1416 are without weight, and do not justify the perpetuation of the writ.

The motion to dismiss, made by J. T. Ludeling, the surety on the injunction bond, having been disposed of as to its form, we proceed to its consideration on the merits. The surety on an injunction bond has incurred obligations, but has certain rights which cannot be taken away from him without his consent. He is entitled to see the case tried according to law ; a judgment rendered on the confession of the principal of his bond would bind the principal, but would not affect the surety. The case in which the bond is furnished should be called and disposed of in open court, under the forms and with the delays prescribed by law. His obligations must be strictly but legally construed. They consist in satisfying any judgment which the principal may be condemned to pay. It cannot be supposed that it ever entered the mind of the lawgiver and of sureties in *such* cases that a judgment rendered on the confession of

the principal, or without his having been regularly dealt with, could saddle a responsibility on the surety on such bond. We think that the omission to have proceeded regularly in obtaining the judgment rendered and to have ventured its validity on the agreement mentioned, entitles the surety, made appellee, to ward it off, and that he cannot be held responsible and liable on a judgment thus obtained. The point presented is a novel one, but is not, when tested by the rules of clear reason and justice in the absence of any express law or formal jurisprudence on the subject, of difficult solution.

So far as the plaintiff in injunction is himself concerned, the facts of this case, as shown in the record, in our opinion call for the imposition of damages in the dissolution of the injunction.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed so far as it dissolves the injunction at plaintiff's costs and rejects the demands of the plaintiff, W. J. Q. Baker; and it is further ordered, adjudged, and decreed that the said plaintiff, W. J. Q. Baker, be condemned to pay, for his wrongful injunction, damages to the amount of twenty per cent on the amount of two thousand dollars, the alleged value of the homestead claimed, and that said plaintiff, appellee, do pay the costs of this and the lower court, and that there be judgment in favor of J. T. Ludeling, the surety on the injunction bond, with his costs.

## ON REHEARING.

BERMUDEZ, C. J. We have again given our attention to the questions of *novation*, of *res judicata*, of *homestead*, and of the surety's liability, involved in this case.

We do not consider that the circumstances of the case, as the record has brought them up, show that any novation has taken place, as claimed by the plaintiff. The transaction in no way altered the essence of the identity of the original contract, although it may, to some extent, theoretically indifferent, but practically significant for the plaintiff, have modified the nature of the contract, as to time and mode of enforcement of the payment of the debt. The act of compromise is perfectly reticent touching any express or even implied novation, either as to creditor's debt, or securities, or debtor, under any phase under which the case can be viewed.

We cannot infer, from the act of compromise, that the vendor's privilege was either intended to be or was actually abandoned and waived. It is a guarantee which attaches so tenaciously to the nature of the contract of sale on term, that the Roman law says that it adheres to the very entrails of the thing, *adheret visceribus rei.* It exists until

it has been formally and unequivocally relinquished. See the Bacchus case, 4 A. 313.

The question of privilege or no privilege of vendor is practically of no significance in a case like the present one, in which a claim to a homestead is asserted where the purchase price is unpaid.

Much stress is laid for a rehearing on the argument that the judgment of the previous court (Spencer, J.), dissolving with damages the injunction issued at the instance of Mrs. Baker and of her husband, does not constitute *res judicata*, because the suit was dismissed on an exception of "no cause of action," and that such dismissal does not constitute *res judicata*.

Exceptions of this class are of two sorts : 1st, those which tend to the dismissal of a suit because the allegations essentially necessary to warrant on proof the judgment prayed for are wanting ; 2nd, those which tend to the dismissal of a case in which, although all the essential allegations have been set forth, the judgment asked, even on full proof of the averments, cannot be rendered *at all*, unless in violation of law. In the former case, it is within the sound discretion of the court to permit an amendment of the petition. It is generally exercised in favor of the amendment.

In the latter case, where it is found from the face of the petition, all of which must be taken for true, for the purpose of the exception, that the allegations, because self-destructive and irremediably insufficient, would not entitle the plaintiff to the relief sought, the exception is sustained, and the petition is usually either dismissed or rejected. In the first case, when the word "*dismissed*" is used instead of the word "rejected," it will be construed as meaning the latter, when sufficiently explained by the pleadings or by the reasons for judgment.

The exception of no cause of action, when affirmed, constitutes *res judicata* as effectually as if judgment had been rendered on the trial of the merits, after a full hearing of contradictory evidence on behalf of both parties. If it did not so mean, and was not so construed, then it would amount to a *nonsuit*, and the plaintiff would have authority to institute new proceedings. Why permit him to repeat uselessly allegations which if proved would not entitle him to recover ?

In the case invoked by the defendant as constituting *res judicata*, the main question presented was : Is the plaintiff in that case, and in default of her, her husband, entitled to have the property seized for the payment of a debt secured thereon declared exempt as a *homestead* ? The petition in the case shows that the consideration of the judgment on which execution had issued, and which the injunction had arrested, was the *purchase price* of the identical property in question, such price remaining unpaid. The court held, in formal language, that where the

purchase price of the property claimed as a homestead was not paid, the property will not, under the homestead law, be declared exempt from seizure and sale for the satisfaction of that purchase price. As a rule, courts, when dismissing a suit for want of sufficient proof in support of sufficient averments, should add the words *as in case of nonsuit*, lest the omission may be a cause of contrariety. The judgment sustained the exception of no cause of action, and expressly *rejects* (C. P. 319) the demand, and because the demand is thus disposed of and a writ of injunction issued on an inadmissible and illegal demand, which on its face is discountenanced and disallowed, the Court dissolves the injunction with damages. This judgment terminates and set at rest forever the differences of the parties in relation to the matter agitated in the case before us, which is the homestead matter. C. P. 319 ; 5 N. S. 664 ; 8 L. 187 ; 4 A. 231.

In deciding this case on its merits, we have enunciated clearly enough the same principle, that where the purchase price of the property claimed to be exempt under the homestead law has not been paid, the exemption will not be recognized. The non-payment of the price of sale is a good cause for the rescission of the contract. It is not until the price has been paid that title of ownership unconditionally vests in the purchaser. It is not, until then, that he can claim to have the property exempted from the payment of his debts, as his homestead.

In the case before us, the circumstance which existed when the first suit was brought, in which the judgment now pleaded as *res judicata* was rendered, remains unchanged. The purchase price has not been paid. The property, therefore, even if the first case and judgment in it had no existence, could not be pronounced as exempt, were it only for *that* reason. We consider that the judgment maintaining the plea of *res judicata* is correct. *Interest reipublicœ ut sit finis litium.*

We give credit to the ability with which the matter was presented from a different stand-point, but regret our inability to change our views in a case in which the plaintiff in his advanced age and troubles is entitled to sympathy. The letter and spirit of the law are, that the land unpaid for shall not be claimed as a homestead by the purchaser, unless the purchase price shall have first been paid. The principle of the moral law is, that no man can be permitted to enrich himself gratuitously, at the expense of another, against the latter's will. It is our sworn duty to construe, apply, and enforce the law which the assembled wisdom of the people has enacted as we find it in the statute-book, regardless of persons and of the consequences befalling its just enforcement. *Dura lex, sed lex.*

Further considering the matter, but on the defendant's application for a rehearing, we find, after a careful examination of the record, that

it establishes the correctness of one of the points raised by the appellant as to the amount at issue, the execution to enforce the payment of which was enjoined. We find that the injunction restrained the enforcement of the writs as to *all the property seized,* and was not confined to the homestead claimed. The plaintiff in execution, appellant herein, is therefore, in our opinion, entitled to damages measured by the whole amount which was covered by the injunction, and not alone to the alleged value of the homestead. We shall therefore correct the judgment in this regard.

We adhere to our previous opinion and decree so far as it affects the claims for damages against John T. Ludeling, the surety on the injunction bond. He was before us in this appeal, having been duly cited. We could not examine the matters set forth in the motion to dismiss in that proceeding, but had to do so on the merits of the case.

We held that the judgment against Baker was not binding on Ludeling, because he was not a party to the agreement whereby the case was to be decided in *chambers,* out of term-time, and because, for the reasons stated in our former opinion, he could not be liable. This appeal is from the judgment dissolving the injunction. If Ludeling was not bound by the agreement and by the judgment, which was irregular and nugatory as to him, and that very judgment could alone fix his liability herein, how can we assess damages against him, unless we arbitrarily supply what we deem to be a fatal defect? The consent of the parties to the trial of the matter in which Ludeling was sought to be made liable, in the manner in which it was tried, without his assent, and the appellant having selected and adopted such course, we think operates as a *discharge* of the liability of the surety on the injunction bond, and that issue is distinctly presented in this appeal.

It is therefore ordered, adjudged, and decreed that our former decree herein be set aside, and that the judgment of the lower court be affirmed, so far as it dissolves the injunction and rejects the demands of W. J. Q. Baker, plaintiff, and refuses to allow damages from John T. Ludeling; but that in other respects it be reversed; and it is now ordered, adjudged, and decreed that the appellee be condemned to pay for the wrongful injunction ten per cent damages on the whole amount of the execution enjoined, and as set forth in the writ issued in suits Nos. 1219, 1358, and 1281, consolidated, and that W. J. Q. Baker, appellee, pay the costs of the appeal and of the lower court.