NICHOLLS, J.
This succession was before us in suit No. 16,093 of our docket 117 La. *1065 239, 41 South. 559. It was then decided, on an appeal by the plaintiff therein from a judgment which had sustained exceptions filed therein by J. S. Moore, individually and as testamentary executor, and by Henry Leinhart, to the effect that the plaintiff’s petition disclosed no cause of action.
. The Supreme Court affirmed the judgment which had been appealed from. See 117 La. 239, 41 South. 559.
The plaintiff in the petition sought to have certain dispositions of the will of Mrs. Herber (one to the Charity Hospital and one to Henry Leinhart) annulled on the ground that they contained fidei commissa and prohibited substitutions, and to have annulled the universal disposition made by her in favor of Rev. J. S. Moore.
The right of the latter to inherit was challenged on the ground that he had professionally attended the deceased during her last illness, but the petition failed to charge that he was “not related by consanguinity to the deceased,” which fact was an essential fact to cause the bequest attacked to fall under the prohibition of the law. '
In his opinion sustaining the exception, Mr. Justice Monroe, as the organ of the court, used the following language:
“If the disposition in favor of the universal legatee be valid, the plaintiff has no interest to attack and discloses no cause of action in attacking the particular dispositions of the will, since in that event, if they be annulled, the property intended to be disposed of by them would fall into the residuum. Succession of Burnside, 35 La. Ann. 708. It would therefore simplify matters to inquire whether, if all that the plaintiff has alleged be true, the court would be obliged to hold that the universal legacy is of no effect.”
It will be seen from this that, notwithstanding Rev. J. S. Moore may be a minister of religious worship and may have professionally attended the deceased in her last illness, and notwithstanding that the will may have been made during that period, the donation mortis causa here attacked may be perfectly valid, since it falls under the ban of the law only in the event that between the testatrix and the universal legatee there existed no tie of consanguinity, and, as a nonexistence of such tie is not alleged in the petition, it follows that, should complainant prove all that he has alleged, the court could decree the nullity of the universal legacy only by presuming that the testatrix had violated the law. Plaintiffs applied for a rehearing. It was urged by them (in order that there should be no possible misunderstanding as to the force and effect of the judgment) upon the court to decree that they be allowed to amend their petition by supplying the missing allegation that “Rev. Mr. Moore was not related to the deceased,” as this would cut off all discussion as to what was actually disposed of by the judgment, and the setting up of the claim by defendants that the court had finally disposed of (and adversely to) plaintiff’s attack. The application for a rehearing was refused, and in so doing we said:
“The court does not understand the judgment rendered maintaining an exception of no cause of action” quoad the case presented by the pleadings as precluding the bringing of a suit in which a legal cause of action shall be disclosed.
Thereafter the plaintiff instituted the present suit, making an attack upon the provisions of the will. To this demand the board of administrators of the Charity Hospital excepted that “plaintiff’s petition disclosed no cause of action so far as it was concerned,” and prayed that plaintiff’s demand be rejected. J. S. Moore, representing himself as one of the defendants in the prior proceeding, interposed an exception of “res judicata,” pleading in support thereof the judgment which had been rendered sustaining his exception of no cause of action, which he averred was then final by the affirmance thereof of the Supreme Court. He prayed that the exception he maintained and the petition dismissed.
*1067 Leinhart filed on his own behalf a similar exception.
The district court maintained the exceptions of “res judicata’’ which had been filed by Moore and Leinhart, and maintained the exception of no “cause of action” which had been pleaded by the Charity Hospital. It decreed “that accordingly the proceedings filed to annul the will of the deceased, Mrs. I-Ierber, be dismissed, and the demands therein contained be rejected.” Plaintiffs have appealed. In the brief filed on behalf of appellee their counsel- say:
“After the finality of the judgment of the Supreme Court another attack was brought against the will of the deceased, and the prayer of the second petition is identical with that of the first. The only differences are that in the first petition, after the word ‘executor,’ appeared the words ‘of said last will and testament,’ and that in the first petition judgment is asked ‘after due delays,’ while in the second petition it was asked ‘after proper legal delays,’ and that the words ‘or dispose of’ (real estate) are omitted from the second petition, so that the relief prayed for is identical, because, as alleged in both petitions the will of the deceased and the legacies made therein are null and void.”
This statement in the brief is incorrect; for, in now referring to the universal disposition made to J. S. Moore by the deceased, as to the attack on that provision of the will the petition alleges and discloses that:
“The Reverend J. S. Moore, was the minister and spiritual adviser of said decedent; that he was a regularly ordained minister of the gospel, and not a blood relation of the said Mrs. Herber; and that the said purported last will and testament was made while the said decedent was suffering- from her last illness, and which terminated in her death within two weeks thereafter.”
It will be seen that the last petition contains the allegation the absence of which from the first petition had caused the sustaining of the exceptions of “no cause of action” in the first suit. In many cases where an exception of no cause of action is filed, and the same is sustained, and the suit is dismissed, it cannot be ascertained on the face of the papers what the precise ground was on which the court’s action was based. In such cases the party against whom the exception is urged is permitted to establish that fact by evidence dehors the record. In the present case there is no necessity for any evidence on that subject. The fact is shown affirmatively by the exceptions themselves that they were directed against the “petition” in the case, and on the absence in the pleadings of a certain allegation which was deemed by the defendants (and also by the district court and by the Supreme Court) as one which was essentially required to be made in order that plaintiff’s demand should disclose a cause of action. Defendants did not resist plaintiff’s attack absolutely, and on the merit or demerit of the same on the facts, but resisted the “statement” which was made by the plaintiff as to the causes which he asserted had given rise to the nullity of the provisions of the will. In order that the provisions of the will as to the universal disposition .made by the testatrix to Rev. Mr. Moore should fail, it did not suffice that he was a minister of the gospel and that he was her spiritual adviser in her last illness, but that (under the provisions of the law) he should not have been related to the deceased. Not having alleged that he was not so related, plaintiff could not on a trial prove that he was not such, and, if he would be debarred from proving such fact on the trial for want of allegation, he was bound to be ultimately defeated, not on the actual facts, but by reason of defective pleadings and want of evidence. In view of that result the district court and the Supreme Court threw the plaintiff out of court upon the condition of things then existing. An insufficient statement by an attorney of the grounds upon which the rights of his client are predicated does not carry with it under the law as a penalty that the actually existing legal rights of the client should be absolutely cut off. At the furthest, it throws the clients out of court, but under the right of renewing the at *1069 tack under allegations sufficient, if proved, to warrant and justify a judgment. A judgment throwing plaintiff out of court solely for want of certain allegations in his petition can certainly not be held to prevent his invoking the aid of the courts in his behalf when he subsequently files a petition containing all the allegations needed to sustain a ■cause of action.
When this court refused to grant the plaintiff a rehearing it announced in terms that could not be mistaken that the judgment of the district court (which it had just affirmed) was not such á judgment as could thereafter be invoked as “res judicata” against him, and that plaintiff’s apprehension that it might be so invoked was groundless. The character of the judgment in that respect was thereby fixed by this court itself. The- court, under the circumstances of the case, did not consider there was any necessity for a reservation of plaintiff’s right to bring a new suit with proper allegations. The court’s position was as fixed and certain on that subject as if it had declared in express terms that plaintiff’s right to do this was reserved. The announcement so made was an announcement which is the law of this ease on that subject. It is controlling in the matter now before us. We have not' changed our views as then expressed. They .are in line with those of the court in Hart & Co. v. Bowie, 34 La. Ann. 325. In that case we said:
“We note the suggestion of plaintiffs_ that the judgment be amended so as to make it one of nonsuit. The judgment, being one of dismissal on exception, adjudicates nothing on the merits, and does not debar plaintiff of the right of filing another action for the same relief.”
The Supreme Court of the United States, in Gould v. Railroad, 91 U. S. 526, 23 L. Ed. 416, declared to the same effect as a rule of law that, if the plaintiff fails on demurrer in his first action from the omission ■of an essential allegation in his declaration which is supplied in the second suit, the judgment in the first suit is not a bar to the second. See Wells on Res Adjudicata and Stare Decisis, §§ 13, 18; Id. p. 370 et seq., §§ 446, 447.
We are of the opinion that the judgment appealed from which sustained the exceptions of res judicata which were filed in the suit, is erroneous, and it should be set aside and reversed.
We are of the opinion, also, that the judgment appealed from, which sustained the exception of “no cause of action” filed on behalf of the Charity Hospital, is also erroneous, and should be set aside and reversed, and that this cause should be reinstated on the docket of the district court and there proceeded with according to law.
Eor the reasons herein assigned, the judgment of the district court herein appealed from, sustaining the exceptions of res judicata filed in the suit and the judgment maintaining the exception of no cause of action filed on behalf of the Charity Hospital, be and the same are hereby reversed and set aside, and this cause is remanded to the district court and reinstated on its docket, to be there proceeded with according to law. Costs of appeal to be paid by the appellees.