(63 South. 304.)

No. 20,058.

NEW YORK MERCANTILE CO., Limited, v. W. M. CADY LUMBER CO., Limited.

(Oct. 20, 1913.)

*(Syllabus by Editorial Staff.)*

JUDGMENT (§ 572*)—CONCLUSIVENESS—JUDGMENT ON DEMURRER OR EXCEPTIONS.

A judgment sustaining an exception of no cause of action because of a defect in plaintiff's pleadings does not bar a subsequent suit on proper pleadings; but, where the allegations of the two suits are the same, the judgment on the exception is one on the merits, and bars the subsequent suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1041, 1047–1049; Dec. Dig. § 572.*]

Appeal from Court of Appeals, Parish of Rapides.

Action by the New York Mercantile Company, Limited, against the W. M. Cady Lumber Company, Limited. From a judgment for plaintiff, defendant appealed to the Court of Appeals for the Parish of Rapides, which certified the case to the Supreme Court for instructions. Question submitted answered.

Blackman, Overton, Dawkins & Mims, of Alexandria, for appellant. Carter & Dawkins, for appellee.

PROVOSTY, J. The defendant company issues to its employés, in payment of their wages, round pieces of aluminum, having on one side, "W. M. Cady Lumber Co., Ltd., Luna, Louisiana," and on the other side, "The bearer has purchased" ($1, or 25 cents, or 10 cents, according to the denomination of the piece) "in merchandize from our store, which will be delivered on demand and surrender of this check."

The plaintiff company acquired $493.95 in these checks, and brought suit upon them against the defendant company. The defendant company filed an exception of no right of action.

For sustaining its right of action, the plaintiff company relied upon Act 228, p. 345, of 1908, entitled—

"An act making any person, firm or corporation, liable on demand in current money of the U. S., to any legal holder thereof, for the full face value of any checks, punchouts, tickets, tokens or other device, issued by them and redeemable either wholly or partially in merchandise at their, or any other, place of business, providing for the enforcement of this act, and fixing the date when it shall go into effect."

The defendant company denied that the plaintiffs had complied with the conditions precedent under said act to have a cause of action, and, in the alternative, pleaded the unconstitutionality of said act. The court sustained this exception, and this judgment became final; it not having been appealed from.

Subsequently, upon the same cause of action and the same allegations, the plaintiff company brought the present suit. The defendant company pleads in bar of the present suit the said judgment of the first suit,

and, in the alternative, urges the other defenses urged in the first suit.

Judgment went in favor of plaintiff company, and the defendant company appealed to the Court of Appeals, and that court submits to this court for instructions the questions of res judicata and constitutionality thus raised.

In answer, we say that a plaintiff who has a good cause of action may by defect of his pleadings fail to set it out, and thereby afford ground for an exception of no cause of action; that in such a case the judgment sustaining the exception of no cause of action would not bar a subsequent suit on proper pleadings (Succession of Herber, 119 La. 1064, 44 South. 888); but that, when, as in the present case, the allegations of the two suits are the same, the judgment on an exception of no cause or right of action is one on the merits of the case, and is a bar to a subsequent suit (Baker v. Frellsen, 32 La. Ann. 822; Nicholls v. Maddox, 52 La. Ann. 498, 26 South. 994). The plea of res judicata must therefore be sustained. And this makes the question of constitutionality a mere moot one, upon which the Court of Appeals need not pass, nor therefore this court.