(68 South. 831)

No. 20145.

CAROLINA PORTLAND CEMENT CO. v. SOUTHERN WOOD DISTILLATES & FIBER CO.

(May 24, 1915. On Rehearing, June 12, 1915.)

*(Syllabus by the Court.)*

1. JUDGMENT ☞570—RES JUDICATA—COMPLIANCE WITH LEGAL REQUIREMENTS.

A judgment, maintaining an exception of no cause of action because of the plaintiff's failure to comply with some requirement of the law that might be complied with effectively at a later date, does not prevent the plaintiff's filing another suit for the same cause of action after complying with the legal requirements.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1034, 1036–1040, 1042–1045, 1165; Dec. Dig. ☞570.]

2. MECHANICS' LIENS ☞3 — MECHANICS' PRIVILEGES—RIGHT TO LIEN—REPEAL OF STATUTE.

Articles 2772 to 2776 of the Civil Code, relating to the builder's lien and the privilege of subcontractors, workmen, and furnishers of material, were not repealed by the Act No. 65 of 1908 on the same subject.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 4; Dec. Dig. ☞3.]

3. MECHANICS' LIENS ☞263 — MECHANICS' PRIVILEGES—MATERIALMEN—RIGHT TO SUE OWNER—SERVICE OF ATTESTED ACCOUNT.

When the furnisher of materials used in the construction of a building has served upon the owner an attested account of the materials sold to the contractor, and the account has been adjusted in the manner provided by article 2772 of the Civil Code, or is acknowledged by the contractor, the furnisher of material has a right of action against the owner of the building to the extent of any balance due to the contractor, and is not required to make the latter a party to the suit.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 471–481; Dec. Dig. ☞263.]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; J. B. Lancaster, Judge.

Action by the Carolina Portland Cement Company against the Southern Wood Distillates & Fiber Company. From judgment for defendant, plaintiff appeals. Reversed and rendered.

Robert H. Marr, of New Orleans, for appellant. Benj. M. Miller, of Covington, for appellee.

O'NIELL, J. The plaintiff sold to a contractor, C. C. Tate, materials that were used by him in the construction of the foundations for certain buildings of the defendant company. The contractor abandoned the work, owing the plaintiff $2,197.65 for the materials furnished. Alleging that the owner had failed to require of the contractor the bond required by the Act No. 65 of 1908, and that an attested account of the materials furnished had been recorded within seven days after the completion of the work and had been served upon the owner of the buildings, the furnisher of the materials sued the owner and the contractor, praying for judgment against them jointly and in solido. The statement of the account against the contractor, annexed to the plaintiff's petition, bore a certificate of its registry in the mortgage office, but was not sworn to or attested. The present defendant therefore filed a de-

murrer or an exception of no cause of action, which was sustained by the district court; and the suit against the owner was dismissed. The plaintiff did not appeal from the judgment, but filed this suit against the owner alone for the same cause of action and on substantially the same allegations.

The defendant filed an exception of vagueness, which was overruled. A plea of res adjudicata, based upon the judgment dismissing the former suit as to this defendant, was urged as a bar to the present suit. Reserving the benefit of this plea, the defendant entered a general denial and especially denied that the material sold by the plaintiff to the contractor had been used in the construction of the defendant's buildings. The defendant admitted, in the answer, that C. C. Tate had done work for the respondent, amounting to $12,263.31, and alleged that he had been paid $11,198.15, leaving a balance of $1,065.16, which had been offered to him and which he had refused to receive in payment for the work. The defendant denied that the attested account of the materials sold by the plaintiff to Tate was recorded within seven days after the work was done, denied that the account was seasonably served upon the defendant, and therefore denied that the plaintiff had a lien or privilege on the defendant's property.

On the trial of the case, the defendant objected to any and all evidence offered in support of the plaintiff's demand, on the grounds: (1) That the petition did not disclose a cause of action; (2) that the indebtedness alleged to be due by the defendant to Tate could not be litigated or adjudged in this suit, to which Tate is not a party; (3) that the issues between the present plaintiff and defendant were settled by the judgment rendered in the former suit; and (4) that the other suit was yet pending against the contractor.

The district judge overruled the objections, holding that they related to the effect and not the admissibility of the evidence. In his final judgment, however, the judge reconsid-

ered the second objection, held that a judgment could not be rendered against the present defendant in the absence of Tate, and dismissed the suit. The plaintiff has appealed.

[1] There is no dispute about the facts of this case. Several months before the account sued on was recorded or served upon the defendant, C. C. Tate completed certain concrete work for which he had a written contract with the defendant. He then entered into a verbal agreement with the defendant to build the concrete foundations for a number of buildings at the same price per cubic yard that was stipulated in the original contract. It was agreed that Tate should be paid at the end of each month for the work he had done, and that he might quit whenever he found the work unprofitable to him. The agreement was not reduced to writing, nor was a bond required of the contractor.. Having done work to the amount of $12,263.31,. and having received from the defendant money and materials to the amount of $11,198.15, the contractor concluded that the work was. not profitable and abandoned it.

The plaintiff sold materials to the contractor of the value of $2,197.65, all of which went into the foundations of the defendant's buildings, except half a car load of cement of the value of $179.40 and 167 sacks of cement worth $74.90. The plaintiff therefore furnished materials of the value of $1,943.35 for the defendant's buildings, and has not been paid for any of it.

There was no error in overruling the defendant's plea of res adjudicata. The demurrer or exception of no cause of action prevailed in the first suit only because the account annexed to the petition was not attested or sworn to. The judgment dismissing the suit against the present defendant had only the effect of a judgment of nonsuit. It did not prevent the plaintiff's filing another suit after serving an attested account upon the defendant. The exception of no cause of

action in that case was in the nature of a plea of prematurity. See Hart v. Springfield Fire & Marine Ins. Co., 136 La. 114, 66 South. 559. All that was decided in the former suit was that the plaintiff had not a cause of action against the owner of the buildings because an attested account of the materials furnished to the contractor had not been recorded nor served upon the owner. That was the only question put at issue by the demurrer. A judgment maintaining an exception of no cause of action because of a failure of the plaintiff to comply with some legal prerequisite that might be done effectively at a later date does not prevent the filing of another suit for the same cause of action, after complying with the requirement of the law. New York Mercantile Co. v. W. M. Cady Lumber Co., 133 La. 729, 63 South. 304.

[2, 3] The first section of Act No. 65 of 1908 requires that any person who makes a contract for $500 or more with a builder or contractor, to construct, reconstruct, or repair any building, shall reduce the contract to writing and require of the contractor a bond with solvent surety for one-half over and above the amount of the contract, made payable to the owner, for the protection of himself and of all other parties in interest, to secure the faithful performance of the contract and the payment of the subcontractors, mechanics, workmen, and furnishers of material; and that the contract and bond shall be recorded in the mortgage office of the parish in which the building is situated, within seven days after the contract has been signed and before the work is commenced.

The second section of the statute provides that any subcontractor, mechanic, workman, or furnisher of material shall have a right of action against the surety on the contractor's bond, immediately upon a default by the contractor on his contract or upon his failure to pay his obligation to such subcontractor, mechanic, workman, or furnisher of material.

The third section of the act provides that, if the owner fails to record the contract and bond, or if the surety becomes insolvent, the owner shall be personally liable for all sums due by the contractor to the subcontractors or workmen employed or furnishers of material used in the building, and that they shall have a first privilege on the land and building to secure the amounts due them, provided they shall have filed for record in the mortgage office their sworn bills or accounts within seven days after the completion of the work originally contracted for. The liability to the subcontractors, workmen, and materialmen is limited to the terms of the recorded contract.

The fourth section of the act provides that, at the expiration of 45 days after the completion of the work, if there are no sworn bills or accounts recorded or filed for record in the mortgage office, nor suits filed by any subcontractor, workman, or materialman, the recorder of mortgages shall, on the written demand of the owner or contractor or surety on the contractor's bond, cancel from the mortgage records all inscriptions resulting from the recording of the contract and bond.

The fifth section of the act provides that the owner as well as the contractor shall have the right to question the correctness of any accounts or bills filed against the building, and that all mortgages and privileges recorded against the land and building before the signing of the contract shall have precedence over all other privileges.

The sixth section provides that the statute shall only apply to cities having a population of 10,000 or less and to towns, villages, and rural districts, leaving unaffected the Act No. 123 of 1896 and the Act No. 134 of 1906 in so far as they apply to cities of more than 10,000 and more than 50,000 population, respectively.

The seventh and last section repeals all laws in conflict with the act.

The plaintiff contends that the defendant is liable for the full amount due by the contractor for the materials used in the foundations of the buildings, as provided in the third section of the act of 1908, for failing to require a bond with solvent surety and to record the contract and bond. The defendant contends that the plaintiff has no claim against the owner of the buildings because of the failure to file for record in the mortgage office a sworn account of the materials furnished to the contractor, within seven days after the completion of the work.

Our opinion is that the Act No. 65 of 1908 has no application to this case, because it cannot be said that the contract was for as much as $500. The agreement was that the contractor should receive $7.25 per cubic yard of concrete of a certain mixture (and perhaps $7.75 per cubic yard for another stated mixture) for the work actually done. The amount of work shown on the blueprints by which the contractor was governed exceeded $500. But the contractor was not obliged to do it all. He was at liberty to quit whenever he saw fit.

This case is governed by articles 2772 and 2773 of the Civil Code, the provisions of which were not repealed by the statute of 1908.

Article 2773 of the Civil Code provides that workmen and furnishers of material who have dealt with the contractor have no claim against the owner who has paid him; but, if the contractor be not paid, the workmen and materialmen may cause the money due to him by the owner to be seized, and they become subrogated to his privilege.

Article 2772 provides that any subcontractor or workman employed by a contractor or subcontractor, and any furnisher of materials used by a contractor, subcontractor, or workman on any building, may, by serving upon the owner an attested account of the work done or materials furnished, require the owner to retain out of the amount due by him to the contractor an amount sufficient to pay the account. The owner is required to give the contractor an opportunity to contest and adjust the account; and, if the contractor fails to pay it within 10 days after it is adjusted or the amount ascertained, the creditor of the contractor has a right of action against the owner to recover the sum due for his work or materials, to the extent of the amount that was due by the owner to the contractor at the time of service of the attested account or subsequently accruing. The service of the attested account upon the owner of the building subrogates the workman or furnisher of materials to whatever privilege the contractor has upon the building. According to articles 2775 and 2776 of Civil Code, the contractor has no lien or privilege on the building unless his contract, if it exceeds $500, or a statement of his claim if it be less than $500, be registered in the mortgage records.

The contractor, testifying as a witness for the plaintiff, under a commission issued in this case, acknowledged that he owed the plaintiff the amount sued for. By the service of the attested account upon the owner of the buildings, the plaintiff became subrogated to the claim of the contractor, amounting to $1,065.16; and, by the terms of the Civil Code, "the amount due may be recovered from the owner by the creditor of the contractor."

The district judge should not have dismissed this suit on account of the plaintiff's failure to make the contractor a party defendant. The defendant's objection to proof of the claim because the contractor was not a party to the suit was in the nature of an exception of nonjoinder. That exception can only be pleaded in limine litis—not after the case is put at issue on its merits. C. P. 333;

Rothschild v. Bowers, 2 Rob. 380; Brewer v. Cook, 11 La. Ann. 637; Dunbar v. Murphy, 11 La. Ann. 713.

In providing that the amount due to the contractor may be recovered from the owner by the creditor of the contractor after the claim has been acknowledged by the contractor or ascertained and adjusted as provided in the Code, the law does not require that the contractor shall be a party to the suit. A suit may be maintained and judgment rendered against only one of several joint obligors. Section 2 of Act No. 103 of Extra Sess. 1870; State ex rel. Zuntz v. Judge, 30 La. Ann. 582; Hincks v. Converse, 38 La. Ann. 873; West v. Lehmer, 115 La. 213, 38 South. 969; Drew v. Bank of Monroe, 125 La. 675, 51 South. 683. It is not necessary that joint obligors shall be sued all together, whether they are bound only jointly or in solido.

Although the contractor has testified that the defendant owes him more than the $1,065.16 acknowledged by the defendant, it is satisfactorily proven that the defendant does not—and did not when the attested account was served or since—owe the contractor more than that amount. In paying this sum to the plaintiff, whom the contractor acknowledges to be his creditor for even a larger sum, the defendant will be protected by the express terms of article 2772 of the Civil Code.

The judgment appealed from is annulled and set aside, and it is now ordered, adjudged, and decreed that the plaintiff recover of and from the defendant $1,065.16, with legal interest from judicial demand, that is, from the 11th of December, 1911, and the costs in both courts.

On Rehearing.

PER CURIAM. Rehearing denied.

See dissenting opinion of MONROE, C. J., 68 South. 833.