OVERTON, J.
 

 It appears from a petition filed by Corrado Giacona on August 31, 1922, that he entered into two contracts, through his agent, Ashton Blum, for the erection of three dwellings and other structures in this city. It also appears, from the same source, that the contractor failed to pay all of the materialmen, and, as a consequence, the latter served their claims upon Giacona, and recorded them against his property, threatening him at the same time with suit. Giacona then deposited in court the balance due by him to the contractor, cited into court the surety on the contractor’s bond as well as those who had served claims on him, and prayed, among other things, for judgment against all of those who had served claims on him, decreeing that he could not be held liable for more than the balance due by him to the contractor, and for judgment ordering the cancellation of the liens recorded against, his property. Among the claimants who had served attested accounts on Giacona were two corporations, domiciled in this city, to wit: The Orleans Lumber
 
 &
 
 Building Material, Inc., and James Demourelle & Sons, Inc. Both were made parties to the proceeding instituted by Giacona, and both filed their answers thereto, one of them also intervening and demanding judgment against Giacona and others for the amount of its claim, with recognition of its lien, and the other reconvening for the same purpose. When the case was called for trial, counsel 'for Giacona moyed the court for a continuance on the ground that his client was in no mental condition to go to trial. The motion was opposed, and counsel for Giacona put a witness on the stand to show the mental condition of his client. The evidence offered showed prima facie that Giacona was insane, and the court granted the continuance. Shortly after this, the Orleans Lumber
 
 &
 
 Building Material, Inc., and James Demourelle & Sons, Inc., the two claimants mentioned above, joined in instituting a suit for the interdiction of Giacona and for the appointment of a curator to represent him. The petition for interdiction contained no distinct allegation that Giacona was insane, but instead the petitioners for interdiction contented themselves with the following allegation with reference to Giacona’s insanity, to wit:
 

 “Petitioners further show upon the trial of a rule before the honorable division F of this court, on the 16th day of October, in the year 1923, in the matter entitled ‘Corrado Giacona versus John A. Juliana et al.,’ No. 143,711 of the docket of this court, Dr. O. V. Unsworth, a witness on behalf of said Corrado Giacona, testified that the said Corrado Giacona was afflicted with a mental disease, having lost his mind entirely; that he is subject to an habitual state of insanity and imbecility, and has been in said condition for more than eight (8) months past; that the probability of his recovery is very remote, and that he has not
 
 *151
 
 the power or capacity to take care either of his person or his property, and in this statement the said witness was corroborated by counsel, Theodore Ootonio; that it is proper that there be judgment decreeing him incapable of taking care of himself and his property, and pronouncing his interdiction; and that a curator and an under curator should be appointed to take care of his person and manage his estate.”
 

 Giacona, joined by his wife, filed an exception of no cause and no right of action to this, petition. The trial judge sustained the exception. His reasons for so doing are in the record. In part, they are as follows:
 

 “On reading the petition it shows that there is not in the whole petition any direct, substantive allegation that the defendant is insane, an imbecile, or incapable of taking care of his person or property, or any allegation that would bring it within the text of the Code giving authority to this court to pronounce a sentence of interdiction.”
 

 Our learned brother then continues by saying that the only allegations in the petition touching insanity are the ones quoted above by us, and concludes that the allegations quoted are not equivalent to an allegation that Giacona is insane; that under them no evidence could bo offered to show that he was insane, but only evidence that a certain physician testified that he was of unsound mind, and that his counsel acquiesced in that statement, and that evidence that a physician had so testified on a former occasion, and that Giacona’s counsel had acquiesced in the statement, would not justify a sentence of interdiction. Our brother therefore sustained the exception and dismissed the suit.
 

 The petitioners for the interdiction of Giacona recognized the correctness of the ruling made, and instituted another suit for Giacona’s interdiction. In this suit they distinctly allege that Giacona is insane, and that, because of the concursus proceeding provoked by him, to which they were made parties, and of their demands for judgment against him for the amount of their claims, they have an interest in having him interdicted, and in having a curator appointed to represent him, and that, notwithstanding his insanity, the members of his family do not intend to institute proceedings looking to his interdiction.
 

 Giacona, joined by his wife, appeared, and filed a plea of res judicata, also an exception of no right and no cause of action, and then filed an answer.
 

 The plea of res judicata is based on the judgment rendered in the first suit for interdiction, sustaining the exception of no cause and no right of action. Giacona contends that the judgment there rendered operates as the thing adjudged in the present suit for interdiction.
 

 There can be no question that a judgment, sustaining an exception of no cause and no right of action, may operate as res judicata in another suit, and on the other hand it may not. In this connection, in Laenger v. Laengeiv 138 La. 532, 70 So. 501, it was said:
 

 “A judgment sustaining an exception of no cause of action, because of the plaintiff’s omission of a necessary allegation is-not a bar to another suit on sufficient allegations. See Hart v. Bowie, 34 La. Ann. 326; Succession of Herber, 119 La. 1064, 44 So. 888; New York Mercantile Co. v. W. M. Cady Lumber Co., 133 La. 729, 63 So. 304; Carolina Portland Cement Co. v. Southern Wood Distillates & Liber Co., 137 La. 469, 68 So. 831. But a judgment sustaining an exception of no right of action, aimed at the merits of the plaintiff’s demand, and assuming the case to be stated completely in the petition, is a basis for the plea of res judicata, the same as if the judgment had been rendered on evidence in the case. See Northern Pacific Ry. Co. v. Slaght, 205 U. S. 128-133, 27 S. Ct. 442, 51 L. Ed. 738; * * * Oglesby v. Turner, 124 La. 1084, 50 So. 859, and 127 La. 1094, 1095. 54 So. 400.”
 

 In the first suit filed by the petitioners for the interdiction of Giacona, the excep
 
 *153
 
 tion of no cause and no right of action was sustained, as we have seen, because the petition against which it was directed contained no direct allegation that Giacona was insane. In the present suit, the petition does contain such an allegation. Hence, it is obvious that the' plea is not good under the first rule stated in the Laenger Case, if, indeed, it is not bad for other reasons also.
 

 The exception of no cause and no right of action, filed heroin by Giacona, is based, first, upon the ground that a corporation is incapable of suing for the interdiction of a person and the petitioners for the interdiction herein, being corporations, are without right or power to sue therefor; and, second, upon the ground that the petitioners for the interdiction are without interest to sue for it.
 

 Taking up for consideration first the last ground urged, we deem it sufficient to observe that the present petition for interdiction discloses that Giacona is the plaintiff in the concursus proceedings provoked, and the two corporations petitioning for his interdiction are defendants therein. They have an interest, therefore, in disposing of those proceedings, and if Giacona is insane, they have an interest in having him interdicted so that those proceedings may be disposed of. Assuming, therefore, that a corporation must show an interest in suing to have a person interdicted, still, in this case, we find that the corporations in question have disclosed such an interest.
 

 With respect to the right of a corporation to institute proceedings for the interdiction of a person, it may be observed that the Civil Code provides, with reference to who may sue for the interdiction of another, as follows:
 

 “Art. 390. Every relation has a right to petition for the interdiction of a relation; and so has every husband a right to petition for the interdiction of his wife, and every wife of her husband.
 

 “Art. 391. If the person who should be interdicted has no relations and is not married, or if his relations ,or consort do not act, the interdiction may be solicited by any stranger, or pronounced ex officio by the judge; after having heard the counsel of the person whose interdiction is prayed for, whom it shall be the duty of the judge to name, if one be not already named by the party.”
 

 Under those provisions of the Code, we have no hesitancy in holding that when the husband is insane, and neither his wife nor any of his relations petition for his interdiction, a stranger and even a corporation may do so, at least, when the corporation shows an interest to sue for the interdiction. Hence, in our view, the exception of no cause and no right of action should be overruled.
 

 On the merits, the evidence is overwhelming that Giacona is insane, and satisfies us that there is a necessity for liis interdiction. He is clearly incapable of caring for his person and property.
 

 For the reasons assigned, the judgment appealed from is affirmed, the costs of appeal to he paid by. appellant.