SCHNECKENBERGER v. JOHN BONURA & CO., INC.

(November 17, 1930. Opinion and Decree.)

John E. Fleury, of New Orleans, attorney for plaintiff, appellee.

Arthur B. Leopold, of New Orleans, attorney for defendant, appellant.

JANVIER, J. This is a suit to enjoin execution under a judgment obtained by default. The allegations are that neither the plaintiff in injunction nor his attorney was present when the judgment in the original suit was obtained, and that their absence resulted from the fact that an agreement had been entered into between counsel for plaintiff and counsel for defendant in that suit, to the effect that counsel for plaintiff would notify counsel for defendant of the fixing of the case for trial, and that no such notice was given. It is alleged in this suit that the breach of that agreement constitutes such ill practice as is contemplated by article 607 of our Code of Practice.

On the trial of the rule for the preliminary injunction, the court below held that the allegations of the petition presented a cause of action, and that the breach of such an agreement between counsel constituted ill practice and entitled the party now complaining to an injunction preventing execution under the judgment.

It is argued on behalf of defendant in injunction that there was no fraud alleged in connection with the breach of the agreement, and that, under article 607 of the Code of Practice, it is contemplated that ill practice must be accompanied by fraud in order to entitle the complaining party to an annulment of the judgment or to an injunction against the execution thereof. We do not so construe the article nor do we so read the decisions pertinent thereto. In the case of Coltraro v. Chotin, 1 La. App. 628, we find that a judgment was annulled on the allegation that no notice of trial was given. Here, in addition to the lack of notice, we find the allegation that there was a special agreement that notice would be given.

It is further contended that failure to receive notice, or breach of an agreement to give notice, is not one of the causes specified in Code of Practice, art. 607, as entitling the complaining party to an annulment of the judgment. It has many times been held, however, that the causes specified in that article of the Code of Practice are merely illustrative and are not exclusive. Tarver v. Quinn, 149 La. 368, 89 So. 216; Succession of Gilmore, 157 La. 130, 102 So. 94; Miller v. Miller, 156 La. 46, 100 So. 45; Swain v. Sampson, 6 La. Ann. 800; Norris v. Fristoe, 3 La. Ann. 646; Coltraro v. Chotin, supra.

In fairness to counsel now representing defendant in injunction let us say that it is not alleged that the agreement as to notice was made with him, but it is alleged that it was made with his associate counsel, who had represented plaintiff in the original suit from the time that suit was filed, present counsel having associated himself in the trial of the case later.

To the petition for injunction defendant in injunction has also filed a plea of res judicata. This plea grows out of the following facts:

After the original judgment was rendered and became final execution was attempted

thereunder, and thereupon a suit was filed in the district court of the parish of Jefferson seeking an annulment of the judgment referred to. In that petition for annulment the only allegation made was that no notice of trial had been given. There was no allegation such as there is in the present suit to the effect that there had been an agreement that such notice should be given. On an exception of no cause of action the district court dismissed the suit for annulment, holding that there were insufficient allegations in the petition to set forth a cause of action. The petition which is now before us for injunction contains many additional allegations and presents a cause of action which does not seem to have been set forth in the first suit for annulment. Therefore, the plea of res judicata is not well founded, since the judgment in the first suit amounted to no more than a judgment of non-suit. As was said in Laenger v. Laenger, 138 La. 532, 70 So. 501, 503:

"A judgment sustaining an exception of no cause of action, because of the plaintiff's omission of a necessary allegation is not a bar to another suit on sufficient allegations. See Hart. v. Bowie, 34 La. Ann. 326; Succession of Herber, 119 La. 1064, 44 So. 888; New York Mercantile Co. v. W. M. Cady Lumber Co., 133 La. 729, 63 So. 304; Carolina Portland Cement Co. v. Southern Wood Distillates & Fiber Co., 137 La. 469, 68 So. 831."

See, also, Ducre v. Milner, 169 La. 819, 126 So. 72, 73, in which the Supreme Court said:

"It would be illogical to hold that a judgment sustaining an exception of no cause of action because of the failure of the plaintiff to make a certain necessary allegation in his petition can be the basis for a plea of res judicata in bar of a subsequent suit in which the plaintiff does make the allegation necessary to disclose a cause of action. It is only when the petition in the first suit contains such allegations or judicial admissions as to show affirmatively that the plaintiff has not a cause or right of action that the judgment rejecting his demand is a bar to a repetition of the demand in another suit."

It is therefore ordered, adjudged and decreed that the judgment appealed from be, and it is, affirmed.

HIGGINS, J., takes no part.