McBRIDE, Judge.
This is a suit sounding in tort brought by plaintiff against the insurer of the automobile in which she was a guest passenger. She avers she sustained personal injuries as a result of certain acts of negligence she attributes to the driver of the car and she prays for a large sum in damages. The suit was met by a plea of res judicata founded upon a judgment rendered by the same court in which the present suit was filed maintaining an exception of no cause or right of action and dismissing a former suit between the same parties on the same cause of action and on the identical allegations. This present suit contains no allegations that are not found in the former suit, nor is there omitted from the present suit any of the averments of the first suit.
The plea of res judicata was sustained and there was judgment dismissing the suit, from which plaintiff has perfected this appeal.
Counsel for appellant contends that the exception of no cause or right of action was sustained in the first suit on the ground that there was an insufficiency of allegations therein, and under the circumstances the judgment dismissing the suit cannot serve as the basis for the plea of res judicata in the instant case which was subsequently filed. We are cited to several cases by appellant said to be authority for the legal proposition advanced on her behalf.
On the other hand, it is the defendant’s contention that the exception of no cause or right of action in the first suit was maintained not because there was an insufficiency of allegations but because plaintiff who had alleged all that could be alleged would not, in law, be entitled to the relief she prays for even if her allegations were proved. The argument is made that under these circumstances the judgment maintaining the exception of no cause or right of action was aimed at the merits of the case, and the dismissal of the first suit constitutes res judicata and is an effective bar to this subsequent suit on the same-cause of action. Authorities are cited to. us supporting the contention.
There is a marked difference as between the effect to be accorded a judgment maintaining an exception of no cause of action when based on defective or insufficient pleading and one levelled at the merits of plaintiff’s suit when a full disclosure of the cause of action is made.
The correct rule and the difference in the two exceptions are accurately set forth in Laenger v. Laenger, 138 La. 532, 70 So. 501, 502, viz.:
“There are two distinct classes of exceptions of no cause or right of action in our practice. One is founded upon the omission from the plaintiff’s petition of a necessary allegation of; fact, which, though not alleged, may nevertheless exist. The other, based; upon a complete statement of the casein the plaintiff’s petition, denies that; the law affords the relief prayed for.. The distinction is observed in the effect-of a judgment sustaining an exception of the one class or the other, and was recognized by this court in Baker v. Frellsen (on rehearing), 32 La.Ann. 829, and in Oglesby v. Turner, 124 La. 1084, 50 So. 859, and 127 La. 1094, 1095, 54 So. 400, by the Supreme Court of Tennessee in the case of Moore v, Chattanooga Ry. Co., 119 Tenn. 710, 109 S.W. 497, 16 L.R.A.,N.S., 978, and by the Supreme Court of the United; States in Northern Pacific Ry. Co. v. Slaght, 205 U.S. 128-133, 27 S.Ct. 442. 51 L.Ed. 738. Some authorities distinguish these demurrers by calling the-former the exception of no cause of action and the latter the exception of no, right of action.
“A judgment sustaining an exception of no case of actjo.n,. because of' *818 the plaintiff’s omission of a necessary allegation is not a bar to another suit on sufficient allegations. See Hart v. Bowie, 34 La.Ann. 326; Succession of Herber, 119 La. 1064, 44 So. 888; New York Mercantile Co. v. W. M. Cady Lumber Co., 133 La. 729, 63 So. 304; Carolina Portland Cement Co. v. Southern Wood Distillates & Fiber Co., 137 La. 469, 68 So. 831. But a judgment sustaining an exception of no right of action, aimed at the merits of the plaintiffs demand, and assuming the case to be stated completely in the petition, is a basis for the plea of res judicata, the same as if the judgment had been rendered on evidence in the case. See Northern Pacific Ry. Co. v. Slaght, 205 U.S. 128-133, 27 S.Ct. 442, 51 L.Ed. 738, and authorities there cited; Oglesby v. Turner, 124 La. 1084, 50 So. 859, and 127 La. 1094, 1095, 54 So. 400. Res judicata, in the cases last cited, was said to result from the doctrine of the following cases, that it matters not in what form of proceeding the question is presented, whether by answer or exception to the petition, when once decided, it is res judicata between the parties to that proceeding, and is a complete bar to another demand for the same thing on the same cause of action, viz.: Plicque & LeBlanc v. Perret (Peain, Intervener), 19 La. 318; Heroman v. Institute, 34 La.Ann. 805; Broussard v. Broussard, 43 La.Ann. 921, 9 So. 910; Tutorship of the Scarborough Minors, 44 La.Ann. 288, 10 So. 858; McNeely v. Hyde, 46 La.Ann. 1084, 15 So. 167.”
See, also, Interdiction of Giacona, 158 La. 148, 103 So. 721; Ducros v. St. Bernard Cypress Co., 164 La. 787, 114 So. 654.
The record in the former suit is not before us, but counsel inform us that subse-qent to defendant’s making answer to the petition, plaintiff, by supplemental and amended petition, broadened her allegations of negligence charged against the driver of the car, whereupon the exception of no cause or right of action was interposed by defendant against both the original petition and the supplemental and amended petition and such exception, as has been stated, was sustained.
In view of the divergent positions taken by respective counsel, we have no way of knowing the reason why the exception of no cause or right of action was sustained, but we think a reasonable assumption would be that the exception was not based on the technical ground that there had been a lack of necessary allegations but rather on the fact that the plaintiff would not be entitled to the relief she sought under the allegations set forth in the original and the supplemental and amended petitions. In other words, the exception struck at the merits of the case and not at insufficiency of pleadings. Our assumption that plaintiff made a full disclosure of her cause of action in the initial suit is fully warranted by the circumstance that her counsel concedes that in the second suit she made the identical allegations previously made, and we notice that the only difference is a change in one word which is of no significance whatever. Surely, if there had been defective pleadings in the first instance as appellant’s counsel contends there was, he would have filed proper pleadings in the second demand.
But even if it were a fact that appellant did not allege all she should have alleged .in the former action and the exception was aimed at the suit because of such defect, she would, in the instant case, have no better standing in court. While the law would have permitted her to renew the demand by filing another suit containing the essential allegations, she has not the right to come into court for the second time on the same cause of action set forth by identical allegations. In each of the following cases the second suit supplied the deficiency existing in the former suit in which the exception of no cause of action had been sustained. Cornish v. Chaney, 177 La. 10, 147 So. 363; Carolina Portland Cement Co. v. Southern Wood Distillates *819 & Fiber Co., 137 La. 469, 68 So. 831; Arceneaux v. Louisiana Highway Commission, La.App., 5 So.2d 20; O’Hanlon v. Phoenix Building & Homestead Ass’n, 17 La.App. 673, 137 So. 223; Schneckenberger v. John Bonura & Co., Inc., 14 La.App. 692, 130 So. 870.
The judgment which sustained the exception and dismissed the original demand, we are told, was rendered in June 1957, and no appeal having been taken therefrom, is now final. Plaintiff coming into court with the same suit, the pertinent allegations of which do not vary from those contained in the first suit, faces an insuperable barrier. The former judgment which sustained the exception and dismissed her suit has all the force of the thing adjudged and stands as a bar to her renewed demand. LSA-C.C. art: 2286; Code Prac. art. 539.
The very same situation existed in New York Mercantile Co., v. W. M. Cady Lumber Co., 133 La. 729, 63 So. 304, 305, wherein the Supreme Court said:
“ * * * a plaintiff who has a good cause of action may by defect of his pleadings fail to set it out, and thereby afford ground for an exception of no cause of action; that in such a case the judgment sustaining the exception of no case of action would not bar a subsequent suit on proper pleadings (Succession of Herber, 119 La. 1064, 44 So. 888); but that, when, as in the present case, the allegations of the two suits are the same, the judgment on an exception of no cause or right of action is one on the merits of the case, and is a bar to a subsequent suit (Baker v. Frellsen, 32 La.Ann. 822; Nicholls v. Maddox, 52 La.Ann. [496], 498, 26 So. 994). The plea of res judi-cata must therefore be sustained. ‡ * * ”
The judgment appealed from is affirmed.
Affirmed.