————o————

No. 7001.

## ILLINOIS CENTRAL RAILROAD CO. v. NEW ORLEANS TERMINAL CO.

### Syllabus.

1. Maintaining an exception of no cause of action, based merely on defective pleadings and not going to the merits of the controversy, does not form the basis of *res judicata*. Hence it is proper under such exception simply to non suit the plaintiff; or the case may be remanded to allow plaintiff an opportunity to amend.

2. It is one of the obligations of a lessor, resulting from the contract, to maintain the lessee in the peaceable

310

possession of the thing leased; which, of course, excludes any right on the part of the lessor to trespass thereon whilst the lessee is entitled to its use.

Appeal from the Civil District Court, Parish of Orleans, No. 116,294, Division "C"; Honorable E. K. Skinner, Judge. Reversed and remanded.

Lemle & Lemle and A. A. Moreno, for plaintiff and appellant.

Hall, Monroe & Lehman, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff appeals from a judgment maintaining defendant's exceptions of prescription of one year and of no cause of action.

In substance plaintiff alleges that it entered into an agreement with defendant for the joint use of defendant's tracks; that it was duly notified by the train dispatcher that the road was clear; that whilst using said track its train was negligently run into by a train belonging to defendant which was using the track improperly (*i. e.,* was coming in the wrong direction upon one of the two tracks of a double track system).

From the petition it is not altogether clear whether defendant's train came upon the wrong track through error or negligence of the train dispatcher, or through the carelessness of the train crew on defendant's train.

Now, the contract provides that when an employee is acting in the interest of both parties, he shall be the joint agent of both parties, and when acting exclusively for one party he shall be the agent of that party alone.

· We think that the train dispatcher was the agent of both parties, since the very nature of his employment required him to act at all times in the interest of both parties, train dispatching consisting essentially of operating two or more trains at the same time upon the same road so that they shall not collide with one another.

On the other hand, a train crew, being concerned only with its own train, is simply the agent of the company whose train it operates.

So that if this collision occurred through the fault of defendant's train crew, defendant is liable; but if it occurred through the negligence of the train dispatcher then defendant is not liable.

As we have said before, the petition does not make it clear through whose fault the collision occurred.

Granting the pleadings must be construed most strongly against the pleader; nevertheless we think this case should be remanded to allow plaintiff to amend and make clear (if it can) that the collision occurred through the fault of defendant's train crew, or some other person in the exclusive employ of defendant.

For the maintaining of an exception of no cause of action, based merely on defective pleadings and not going to the merits of the controversy, does not form the basis of *res judicata*. *Succession of Herber*, 119 *La.*, 1064.

Hence it is proper under such an exception, simply to non-suit the plaintiff. *North Birmingham Co.*, 8 *Court of Appeal*, 392.

Or, the case may be remanded to allow plaintiff an opportunity to amend.

*Vicknair v. Southside Co.,* 10 *Ct. of Appeal,*
43.

*Block v. Marks,* 47 *An.,* 109.

*Reuther v. Milling Co.,* 2 *Ct. of Appeal,* 389.

Under the circumstances, we believe that the ends of justice will be best subserved by a remand, although we will tax the costs of this appeal against plaintiff. 8 *Ct. of Appeal,* 392.

As to the exception of prescription, it is based upon the theory that this is an action *ex delicto.*

But we think otherwise. The contract between plaintiff and defendant was clearly a lease, and it is one of the obligations of a lessor, **resulting from the contract,** to maintain the lessee in the peaceable possession of the thing leased (C. C., 2692), which, of course, excludes any right on the part of the lessor to trespass thereon whilst the lessee is entitled to its use.

Hence, the presence of defendant's train upon the track where plaintiff's train had a right to be was a breach of contract as well as a tort, and plaintiff's action is not prescribed by one year.

The judgment appealed from is therefore reversed, and it is now ordered that the exception of prescription and no cause of action be overruled, and that the case be remanded with leave to plaintiff to amend within ten days after this decree is recorded in the Court below, by alleging distinctly that the collision occurred through the sole fault of the train crew in charge of defendant's train; or other persons in the exclusive employ of defendant; otherwise the demand to stand rejected. Costs of this appeal to be borne by plaintiff, and costs of the Court below to await the final disposition of the case.

313

Opinion and decree, May 28th, 1917.

Rehearing refused, June 11, 1917.

Writ granted October 30, 1917.

Opinion Supreme Court, 143 L., 467.