Statement of the Case.
MONROE, J.
Plaintiffs, as taxpayers of the First ward of Iberville parish, brought suit to annul an election held in that ward, and to annul an ordinance, predicated thereon, levying a special tax for school purposes, and they made the police jury, the school board, and the sheriff parties defendant. The defendants filed exceptions of no cause ■of action and prescription, which were overruled, and the court thereupon rendered judgment, in favor of plaintiffs, decreeing the nullity of the election and of the ordinance levying the tax, and decreeing the unconstitutionality of Act No. 84 of 1906, which plaintiffs had attacked. From the judgment so rendered, the school board alone appealed.
In this court the judgment appealed from was reversed, and plaintiffs’ demand, for the annulling of the election, finally rejected, the plea of prescription thereto having been maintained; but, as to the demand for the annulling of the ordinance levying the tax, and the attack upon the act of 1906, the ease was remanded for further proceedings. Folse v. Police Jury, 125 La. 618, 51 South. 658.
[1] The school board, then, filed an answer, and, after a trial, there was judgment, dismissing the suit and dissolving an injunction (that plaintiffs had caused to be issued), from which judgment plaintiffs have taken two appeals (which by consent are consolidated) ; the one, as to the rejection of its demands against the school board, and the other, as to the rejection of its demands against the police jury and the sheriff. Plaintiffs assign, as error, the last action of the district court on their demands against the police jury and the sheriff, alleging that, by reason of the failure of those defendants to appeal from the judgment rendered against them on the previous hearing,' they had become concluded, and that they were not before the court when the action complained of was taken. The contention is without merit. The police jury and the sheriff did not appeal from the judgment first rendered, because they were, and are, without interest; but the school board, being the party concerned in the matter, appealed, and the police jury and the sheriff were parties to the appeal, since it was taken by motion, in open court, at the same term, as well as by petition; and, as the school board had the right to have the entire judgment of the district court reviewed and reversed, in all respects in which it operated in its prejudice, it follows that, when it was reversed, it was reversed as to all parties, since which happening no judgment has been rendered against the police jury or the sheriff. Upon the last hearing in the district court, the judge, *1083 having the real parties in interest before him, and there being no complaint, so far as we are advised, of want of parties, the case was heard and dismissed, a course which appears to us to have been both competent and proper.
[2] Plaintiffs complain that the taxpayers who voted at the election failed, to indorse on their ballots what property was assessed against, and voted by, them; but that was set up as a ground for annulling the election, and they are concluded with regard to it by the judgment, heretofore rendered, to the effect that their attack on the election is barred by prescription.
[3] The next contention is that the ordinance levying the tax is illegal, because it fails to specify the term, or designate the year, or years, for which the tax is levied and to be levied.
We find no sufficient answer to this contention.
The petition of the taxpayers is addressed to the police jury, and reads, in part:
“Respectfully ask what your honorable body, acting within and under the authority conferred on you by article 232 of the Constitution, * .» * by Act No. 131 of » * * 1898; by Act No. 214 of * * * 1902; by Act No. 145 of * * * 1904; and by Act No. 167 of * * * 1904; do order a special election * * * for the purpose of determining whether or not a special tax, in excess of the constitutional limitation of taxation, provided by * * * article 232 of the Constitution of 1898, shall be levied. * * * ”
The petition then states that the object of the tax is to procure sites and build schoolhouses and do certain other things in the interest of the school system; that the rate of the tax is to be two mills on the dollar of valuation of all taxable property in the ward; and that the period for which the tax shall be levied shall be 20 years, beginning with 1907.
Act No. 131 of 1898 is entitled:
“An act to prescribe the manner in which special elections shall be held in any parish, municipality, ward or school district of this state, for the puipose of levying special taxes for the support of public schools, and * * * to carry into effect article 233 of the Constitution of 1898.”
Section 1 provides that, when one-third of the property taxpayers shall petition for the levy of a special tax “for the support of the public schools, * * * ” the police jury or municipal authorities shall order a special election and submit to the property taxpayers “the rate of taxation, the number of years it is to be levied and the purposes for which it is intended. * * * ”
Section 2 provides that the petition mentioned in section 1 shall be in writing and shall “designate the object and amount of the tax and the number of years during which it shall be levied.”
It will be observed that, according to the-title, the statute thus quoted was enacted to carry into effect article 233 of the Constitution; whereas, that article relates to a different subject, and the real purpose was to-carry into effect article 232. This discrepancy did not at once attract attention; but Act No. 145 of 1904 amends and re-enacts the title, and sections 2 and 5 of 'Act No.. 131 of 1898; the amendment of the title consisting of the substitution of “article 232”' for “article 233.”
It has heretofore been decided that the police jury was authorized, by a vote of the property taxpayers, to levy a special tax, for school purposes, at the rate of two mills on the dollar, for 20 years, beginning with the-year 1907. The manner in which that authority was, and is, to be exercised is prescribed by section 3 of Act No. 131 of 1898,. and section 5 of that act, as amended and. re-enacted by Act No. 145 of 1904.
Omitting matter which is irrelevant for present purposes, those sections declare that,, when a majority of the property taxpayers, in number and amount, voting at the election, vote in favor of such levy:
*1085 “Sec. 3. The police jury * * * shall, immediately, pass an ordinance levying such tax, and for such time as may have been specified in the petition, and shall designate the year, in which such taxes shall be levied and collected. * * *»
“Sec. 5. The police jury * * * shall * * * levy and collect, annually, in addition to other taxes, such special tax, at the rate voted by the property taxpayers and during the years designated, upon all the taxable property within the limits of such parish, municipality, ward, or school district, as the case may be, * * * which special taxes, so collected, shall be used for the objects or purposes designated in the petition and none other, and, in case of a special tax voted for the support of a public school or for the purpose of erecting a public schoolhouse, the same shall, from time to time, as collected, be paid to the board of school directors of the parish. * * * ”
What the police jury did, in the premises, was to adopt an ordinance (on July 1, 1907, shortly after the election had been held) reading, in part, as follows:
“On motion of O. S. Templet, seconded by J. A. Carville and unanimously carried, a special tax of two mills on the dollar is hereby levied in the First ward school district, to be appropriated. * * *”
And then follows a recital, in detail, of the uses to which the proceeds of the tax are to be devoted; but there is no specification of, or even reference to, the time during, or- designation of any year for, which the tax is levied or to be levied, and it is evident that, in that respect, the ordinance does not' conform to the requirements of section 3 of Act No. 131 of 1898. Unless, therefore, we should read that section out of the law, we must conclude that the ordinance is insufficient for the purposes for which, no doubt, it was intended. The duty of a court, however, is so to construe a statute as to give effect, if possible, to all of its provisions; and, whilst the purpose of the lawmaker, in the enactment of the section 3, in question, when that section is considered in connection with the section 5, which follows, is not altogether clear to us, we find no sufficient reason for declining to give it effect. It was there when the act of which it forms irnrt was otherwise amended by Act No. 145 of 1904, and it was left untouched, and we are bound to presume that it was so left for a purpose. Construing the two sections together, we interpret them to mean that, immediately upon obtaining the authority of the taxpayers, by means of the special election, it was the duty of the police jury to levy the special tax so authorized, for the period of time specified in the petition of the taxpayers, with, designation of the years included in such period; and thereafter, annually, in conformity with section 5, to levy and collect the tax for each of the years so designated. It would, of course, be impossible to hold that the police jury are not required to conform to the law, since they have no authority to act in the premises, at all, save to the extent, and in. the manner, that the law authorizes. The conclusion reached by this court in the ease of Dupuy v. Police Jury, 115 La. 579, 39 South. 627, was predicated upon other provisions of law than those now under consideration and appear to ns to have no bearing upon the issue here presented.
[4] There is another question in the case, to wit:
Plaintiffs allege that, proceeding under the supposed authority of Act No. 84 of 1906, the school hoard is about to issue $40,000 of bonds, predicated upon the tax levy here in question, but that, for reasons that are stated, said act is unconstitutional, and they pray that it be so decreed. The fact thus alleged is admitted, but the proposition of law, as stated, is denied.
Act No. 84 of 1906 provides that parishes, municipal corporations (save New Orleans), and parish boards of school directors shr’l have authority to fund into bonds the proceeds of special taxes voted and “carried, or that may be voted and carried hereafter, under the authority of article 232 of the Constitution and the laws carrying the same into effect, for the purpose of constructing- and *1087 erecting public buildings, public schoolhouses, bridges, wharves, levees, sewerage works and other works of permanent public improvement, the title of which shall be in the public.”
The objection which is urged is that the question of the power of the school board is regulated by article 281 of the Constitution, and that the act is in conflict therewith.
If, for the purposes of this case, we read articles 232 and 281 (as they now stand) together, we find that (article 232) the rate of state taxation is limited to 5 mills, and the rate of parish, municipal, and public board taxation, for all purposes whatever, to 10 mills—
“provided, that for giving additional support to public schools and for the purpose of erecting and constructing public buildings, public schoolhouses, bridges, wharves, levees, sewerage works and other works of permanent public improvement, the title to which shall- be in the public, any parish, municipal corporation, ward or school district, may levy a special tax, in excess of said limitation, whenever the rate of such increase and the number of years it is to be levied and the purpose, or purposes, for which the tax is intended shall have been submitted to a vote of the property taxpayers of such parish, municipality, ward or school district, entitled to vote under the election laws of the state, and a majority of the same in numbers and in value, voting at such election, shall have voted therefor.”
We further find that (article 281):
“Municipal corporations, parishes, school districts and drainage and sewerage districts, the city of New Orleans excepted, when authorized to do so by a vote of a majority in number and amount of the property taxpayers, qualified as electors, * * * voting at an election held for that purpose, * * * may. incur debt and issue negotiable bonds therefor, to the extent of one-tenth of the assessed valuation of the property, * * * and may be authorized by the property taxpayers, voting at said election, to levy and assess special taxes; * * * provided that the taxes so imposed do not exceed 5 mills on the dollar, * * * in any one year nor run for a greater number of years than the number named in the proposition submitted to the taxpayers. No bonds shall be issued for any other purpose than stated in the submission of the proposition of the taxpayers, and published for thirty days as aforesaid, nor for a greater amount than therein mentioned; nor shall such bonds be issued for any other purpose than for paving and improving streets, roads, and .alleys, purchasing or constructing systems of waterworks, sewerage, drainage, lights, public parks and buildings, bridges and other works of public improvement, the title to which shall vest in the municipal corporation, parish, school, drainage, or sewerage district as the case may be; nor shall such bonds run for a longer period than 40 years from their date, or bear a greater rate of interest than five per cent, per annum, or be sold * * * for less than par.
“The * * * school district * * * issuing such bonds shall provide for the payment of the interest, annually, or semiannually, and the principal thereof at maturity; provided that the total issue of bonds by any * * * school * * * district for all purposes, shall never exceed ten per cent, of the assessed value of the property. * * * ”
Construing these provisions as parts of the same instrument, it is clear that, although article 232 permits property owners by a majority vote to impose taxes on their property to an unlimited extent, for the support of schools and the building of schoolhouses and other works of public improvement, article 281 confers upon the corporations and quasi corporations, of which such property owners may be members, the power to incur debt and to issue bonds by an affirmative grant, which implies that they would not possess that power unless it was so conferred, and which power, as thus conferred, is restricted and regulated in several important particulars, so that no one could reasonably argue that the power of the corporations and quasi corporations to incur debt and issue bonds is as broad as the power of the property owners to impose taxes on their property.
The Act No. 84 of 1906 appears, however, to ignore that difference, and purports to confer on “parishes, municipal corporations and parish boards of school directors” the power to fund into bonds the proceeds of all taxes which the taxpayers may impose upon their property under article 232 of the Constitution; and, as that article does not purport to deal with the questions of the incurring of debt and the issuing of bonds by such bodies, and hence imposes no restrictions with regard thereto, neither does the act impose any restrictions, save that it limits the *1089 interest on the bonds which it authorizes to he issued (up to the amount to be realized irom the special tax, whatever that amount may be) to 5 per cent, requires the interest to he paid annually, or semiannually, and requires that the special tax shall be dedicated to their payment and shall not be diverted until they are paid.
We therefore conclude that Act No. 84 of 1906 is in irreconcilable conflict with the Constitution, and is void.
It is, accordingly, ordered that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of the plaintiffs, decreeing void and of no effect the ordinance of the police jury of the parish of Iberville of July 1, 1907, levying a special tax of two mills on the dollar in the First ward school district of the parish; decreeing void and of no effect, as in irreconcilable conflict with article 281 of the Constitution, the act of the General Assembly No. 84, of the session of 1906; further decreeing illegal and unauthorized the proposed issue, by the parish board of school directors, under the supposed authority of that statute, of bonds, for the funding of the special tax for school purposes voted by the property taxpayers in 1907. It is further ordered and adjudged that defendants, appellees herein, pay all costs.