Statement of the Case.
MONROE, C. J.
Plaintiffs (Mrs. Mand Banahan, joined hy her husband, Frank C. Banahan) brought these suits to set aside a sheriff’s sale of’certain property which they claim as a homestead, and to enjoin the sheriff from putting the purchasers in possession, and they have appealed from judgments sustaining certain exceptions and dismissing the suits. In this court, the opposing counsel have joined defendants in a motion to consolidate the two cases, and the consolidation has been ordered.
In the case first decided in the district court (bearing in this court the number 22,-456), the petition, which is that of “Mrs. Maud Banahan and Frank C. Banahan, joining his wife, Maud Banahan,” alleges, in substance, that petitioners are the owners and occupants of certain described property, of a value less than $2,000, and that it is their homestead; that Carl Svarva is claiming ownership and possession thereof and threatening to oust them by virtue of a sheriff’s sale made under executory process, issued from the district court, that the nature of Svarva’s claim, so far as they are advised, is as follows: F. C. Banahan, on July 15, 1914, executed a mortgage upon the property, purporting to secure a note for $1,000, made by him, and payable to himself, or any future holder, one year after date, with interest; that the note purports to belong to Frank C. Doll, who caused the property to be seized and sold, and that Svarva became the adjudicatee, for $1,400; that Mrs. Maud Banahan did not sign the act of mortgage, and did not know that it had been executed until the homestead was seized, in the enforcement thereof; that she has never been made a party to any suit wherein it was sought to deprive her of the homestead rights guaranteed by the Constitution; and that Svarva should therefore be restrained from interfering with her possession of the property in question, and from attempting to transfer the title thereto. The prayer is that Svarva be cited, and that there be judgment setting aside the sale and decreeing the title to be still vested in plaintiffs. The suit, as thus brought, was dismissed on an exception of no cause of action, and a devolutive appeal was taken from the judgment.
Opinion.
[2] In the second suit (brought by Mrs. Banahan, “aided and authorized” by her husband), it is alleged that a writ of possession has been issued, at the instance of Svarva; that in the foreclosure proceeding no citation or legal notice was served upon Mrs. Maud Banahan or her husband; that the sale to Svarva was an absolute nullity; that the act of sale by the sheriff shows no authority therefor in that officer; that for certain reasons which are specified the attempted services of the three days’ notice and notice of seizure were fatally defective; that Carl Svarva knew that petitioners owned and occupied said property ms a homestead, and that petitioners’ homestead rights had’not been waived or abandoned; that, in the alternative, if the court should hbld that the sale is not void, petitioners are entitled to the possession of the property, and cannot be evicted therefrom until the purchase price, to wit, the sum of $1,400, is previously paid to them. And they pray that an injunction issue, that the sale be annulled, or that the sheriff be ordered to pay them the $1,400 before dispossessing them. Defendants filed exceptions of estoppel, res judicata, and no *909 cause of action, which', having been sustained and the suit dismissed, a suspensive appeal was taken from that judgment.
It will be observed that, though in the first suit it was alleged that Mrs. Banahan did not know that the homestead had been mortgaged until the seizure had been made, it was not alleged that Svarva was not an innocent purchaser; and we find that the written reasons assigned for sustaining the exception of no cause of action in that suit, conclude as follows:
“If she [Mrs. Banahan] had not known, or if there was an allegation that Svarva was not an innocent purchaser, the situation might be different, and the court would have to decide the question of the right of the wife, who has no title to the property, to stand in judgment to protect the homestead. But, under the present conditions — knowing the facts, she could have spoken and did not. Svarva, an innocent purchaser at judicial sale, is less a.t fault, and should bo protected. If the funds have not been distributed, it may be these plaintiffs can get them, but that question is not before the court.”
If, then, the first petition would have disclosed a cause of action if it had alleged that Svarva was not an innocent purchaser, it is dear that, as the second petition meets that requirement, it disclosed a cause of action, and that neither the exception of res judicata, filed in the second suit, and based upon the maintenance, in the first suit, of the exception of no cause of action, nor the exception of no cause of action, filed in the second suit, was well founded. Hart v. Bowie, 34 La. Ann. 326; Succession of Herber, 119 La. 1064, 44 South. 888; Merc. Co. v. Cady Lbr. Co., 133 La. 729, 63 South. 304; Portland Cement Co. v. Fiber Co., 137 La. 469, 68 South. 831; Laenger v. Laenger, 138 La. 532, 70 South. 501. And we think it equally clear that the plea of es-toppel, as made in the second suit, was not well founded, since it is based upon the assumption that Mrs. Banahan (who is the sole plaintiff in that suit) by some action or inaction on her part induced Svarva, innocently and ignorantly, to bid upon and become the adjudicatee of the property in question when he would not otherwise have done so, an assumption that appears to have been wholly unauthorized by any allegation in the petition, or any evidence adduced on the hearing of the exception. To the contrary, the petition alleges that Svarva was neither ignorant nor innocent, but knew that the property that he was bidding 'on was occupied as a homestead, and, though an attempt was made to prove that plaintiff’s husband was present at the sale, the attempt failed, and would not have affected Mrs. Banahan if it had succeeded, as she could no more be estopped thereby than by her husband’s assuming to mortgage the homestead without her concurrence.
[1] Returning, now, to the first petition, we are of opinion that it does disclose a cause of action, in that it alleges that the homestead of petitioner had been seized and sold, for a debt contracted by the husband, without the concurrence of the wife, by a sheriff, acting under the authority of a court of this state; and the Constitution (article 245, subd. 5) declares that—
“No court or ministerial officer of this state shall ever have jurisdiction, or authority, to enforce any judgment, execution, or decree, against the property exempted as a homestead, except [for] the debts above mentioned in numbers one, two, three, four and five, of this article [i. e., for purchase price; cost of improving; due by public officers, fiduciaries, or attorneys; and taxes or assessments]; provided, the property herein declared exempt shall not exceed in value $2,000.”
And the following article, by providing particular conditions under which a man with a living wife may waive the exemption thus conferred, excludes the idea that it can be waived under any other conditions thus:
*911 “Art. 246. The right to sell any property that is exempt as homestead shall he preserved. * * * Any person entitled to a homestead may waive the same, by signing with his wife, if she be not separated a mensa et thoro, and having recorded in the office of the recorder of mortgages of his parish, a written waiver of the same, in whole or in part.”
If, in view of the prohibition thus declared, the adjudieatee of the homestead is in a position to allege and prove that it was sold in satisfaction of either of the debts for which, as exceptions to such prohibition, it might be sold, and th'at the court and the sheriff were therefore vested with jurisdiction and authority in the premises, let him so allege and prove; or, if he knows of any facts by reason whereof he believes that the plaintiffs, husband and wife, both or either, should be held to be estopped to contest the sale, let him so allege and prove those facts. The plaintiffs are under no more obligation to set up his defenses than would be a plaintiff, suing on a promissory note, to allege that he had lost his right of action by prescription or by reason of his remission of the debt. Nor were they under any obligation to allege tljat he was not an innocent purchaser, and that they are not estopped. Estoppel must be pleaded as a defense, and the facts relied on for its support must be proved by the pleader.
Where th'e husband has undertaken to secure a pre-existing debt by the execution of an instrument purporting to be a sale of the homestead, followed by a resale from the creditor, to whom negotiable notes are given, purporting to be secured by mortgage and vendor’s privilege, and the transaction is thereby made to assume a shape which apparently authorizes the sale of the homestead, the burden of alleging and proving that it is not what it appears' to be, no dpubt, rests on the homesteader, but, where he makes that allegation and proof, it has been held by this court that, though the notes be negotiable, the mortgage and privilege are not, and hence that the innocence of the holder of the notes does not confer upon th'e courts or their officers the jurisdiction and authority, denied by the Constitution, to order the sale and sell the homestead. Carroll v. Magee, 120 La. 626, 45 South. 528; Jefferson v. Herold, 144 La. 1064, 81 South. 714. It has also been held, in other cases, wholly unlike the case here presented, th'at the husband may be estopped by his laches in failing to assert his homestead rights but it has never yet been held that th'e wife can be estopped by the action or inaction of the husband.
The two cases here considered having been consolidated, and it being manifestly desirable that they should be dealt with as one, we so deal with' them by annulling the two judgments, considered as one.
Eor the reasons thus assigned, therefore, it is adjudged and decreed that the judgments herein appealed from be annulled, that the exceptions of no cause of action, res judicata; and estoppel be overruled; that these two consolidated cases he remanded to the district court, to be there proceeded with according to law and to the views herein-above expressed; the costs of the appeal to be paid by the defendants, and those of the district court to await the judgment to be hereafter rendered.
O’NIELL and PROVOSTY, JJ., dissent.