O’NIELL, C. J.
 

 The defendants have appealed from a judgment annulling a sale of the plaintiff’s homestead.
 

 Plaintiff’s husband, Frank O. Banahan, mortgaged the homestead to one Doll to secure a loan of $1,000. Mrs. Banahan was not a party to the transaction and there was no waiver of the homestead exemption. Doll foreclosed his mortgage by executory proceedings, and the homestead was seized and sold to Carl Svarva for $1,400, at public auction. Thereafter, Banahan and his wife, before they were dispossessed of the homestead, sued to annul the sale, claiming the exemption under article 245 of the Constitution of 1913 (article 11 of the Constitution of 1921). The suit was dismissed on an exception of no cause of action, and the plaintiffs appealed. Thereupon Mrs. Banahan, alleging that the sheriff was about to execute a writ of possession, and claiming that the property was exempt as a homestead, brought a new suit and obtained a writ of injunction, preventing execution of the writ of possession. Her suit was also dismissed on an exception of no cause of action, and on a plea of estoppel, and a plea of res judicata. On appeal, the two suits were argued together, and the judgment in each case was annulled. The court held, particularly, that Mrs. Banahan had a right of action to prosecute her suit for the homestead exemption, and that the exemption should be allowed unless the defendants could show that the debt that was due to Doll was one of those debts for which, under section 5 of article 245 of the Constitution of 1913 (section 2 of article 11 of the Constitution of 1921), the homestead was not exempt from seizure, as, for example, for the purchase price or any part of the price of the property. See Banahan v. Svarva et al. and Banahan v. Hughes, Sheriff, et al., 146 La. 906, 84 So. 200. The decision was that of only three of the five Justices then constituting the court. Justice Provosty and the present Chief Justice dissented, being of the opinion that Banahan and his wife had lost their homestead exemption by their failure to claim it before the property was sold by the sheriff.
 

 Since that decision was rendered, this court has unanimously rendered at least two decisions which have had the effect of overruling Banahan v. Svarva and Banahan v. Hughes, Sheriff, et al., 146 La. 906, 84 So. 200. See Jefferson v. Gamm, 150 La. 372, 90 So. 682, and Andrews v. McCreary Lumber Co., 155 La. 730, 99 So. 579, 33 A. L. R. 608. Those decisions maintain that article 245 of the Constitution (section 2 of article 11 of the Constitution of 1921), declaring that no court or ministerial officer has jurisdiction or authority to seize property exempted as a homestead (except for one of the classes of debts enumerated), means that there shall be no seizure of a homestead that is proven or admitted or judicially declared to be exempt from seizure for the particular debt claimed. We held in those cases that the courts and their ministerial or executive officers had jurisdiction to seize and sell a homestead if nobody claimed the exemption, and that, after a sale of a homestead to an innocent buyer at a sheriff’s sale the title could not be annulled on proof that the homestead was exempt from seizure for the debt for which it was seized and sold. In Andrews v. Mc-Creary Lumber Co., we said:
 

 
 *651
 
 “It is not reasonable to suppose that the authors of this provision [in the Constitution] intended that every land title emanating from a sheriff’s sale for debt should stand always exposed to attack upon the ground that the land was a homestead, exempt from seizure when it was sold, and that therefore the court whose decree was executed was without jurisdiction.”
 

 While we adhere to that doctrine, the present case is governed by the judgment that was rendered herein on the former appeal, when it was decided that Mrs. Banahan had a right of action to claim the homestead exemption and that she had asserted her claim in time. When an appeUatel court renders judgment overruling an exception or a demurrer and remands the case for trial on its merits, the decision on the exception or demurrer becomes the law of the case, and the questions that are thereby settled will not be reconsidered in the subsequent proceedings. Bushnell v. Brown’s Heirs, 8 Mart. (N. S.) 157; Boisse v. Dickson, 32. La. Ann. 1150; Roy v. Schuff, 51 La. Ann. 86, 24 So. 788; Campbell v. Campbell Co., 117 La. 418, 41 So. 702; Huntington v. Westerfield, 119 La. 615, 44 So. 317; Filhiol’s Succession, 123 La. 497, 49 So. 138; Lewis v. Baker, 128 La. 92, 54 So. 482; Folse v. Police Jury of Iberville Parish, 128 La. 1080, 55 So. 681; Christina v. Cusimano, 129 La. 873, 57 So. 157; 4 C. J. 1097.
 

 Appellants contend that the homestead was not exempt from seizure for the debt that was due to Doll because $465 of the $1,000 that he loaned to Banahan was used to pay off a debt that was due to a building and loan 'association, for part of the purchase price of the homestead. The Constitution provides that the homestead exemption shall not prevail against a-debt due for the purchase price of the property or any part of it. Section 5 of article 245 of Constitution of 1913, being subsection 1 of section 2 of article 11 of Constitution of 1921. But the debt that was due to Doll was not forkthe purchase price or any part of the price of the homestead. The debt that was due to the building and loan association was extinguished when it was paid with a part of the money that Banahan borrowed from Doll. Doll was not subrogated to the claim of the building and loan association. 1-Ie did not loan the money for the purpose of paying the building and loan association. In fact he did not know that the money or any part of it was to be used for that purpose.
 

 The judgment is affirmed.