No. 552

First Circuit

---

JOE PLANTIAZO v. O. C. SNELL

---

(March 2, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Judgment—Par. 164.** Where a suit is dismissed on the ground that the petition omitted allegations of fact necessary to justify the judgment prayed for, it is not res adjudicata against another suit containing the same demands.

Appeal from the Twenty-first Judicial District Court, Parish of Tangipahoa, Hon. Columbus Reid, Judge.

Action by Joe Plantiazo against O. C. Snell to have a servitude of road recognized and the road opened. A plea of res adjudicata was sustained. Plaintiff appealed.

Judgment reversed and case remanded for further proceedings according to law.

S. S. Reid, of Amite, attorney for plaintiff, appellant.

R. S. Ellis, of Amite, attorney for defendant, appellee.

ELLIOTT, J.     On October 6, 1925, Joe Plantiazo, stating in his petition that he was some times known as Joe Lombardo, alleged that O. C. Snell had built his fence across a road to which he is entitled, sued to have a servitude of road in favor of his

land recognized and the road opened. Mr. Snell urged as an exception to his suit a plea of res adjudicata, which was sustained by the court and the suit dismissed by judgment signed October 15, 1925.

Joe Plantiazo prosecutes a suspensive appeal from this judgment. This appeal was argued and submitted to us with an appeal in case entitled Joe Lombardo vs. Mrs. Theresa P. Snell & O. C. Snell, her husband in a suit filed January 14, 1925. In this mentioned suit Joe Lombardo alleged that he was the owner of the land, the same claimed by Joe Plantiazo in suit No. 552. That Theresa P. Snell, wife of O. C. Snell, had built her fence so as to deprive him of the road, the same claimed by Joe Plantiazo. He brought suit against Mrs. Snell to have recognized the same servitude of road, etc. Mrs. Snell excepted to his suit, on the ground that his petition disclosed no cause of action; which was sustained and the suit dismissed by judgment signed Feb. 3, 1925. From this judgment Joe Lombardo prosecutes a devolutive appeal.

For the purpose of the plea of res adjudicata raised in suit No. 552, we consider Joe Plantiazo and Joe Lombardo as one and the same person; and that suit No. 60 against Mrs. Snell had the same object in view as suit No. 552 against Mr. Snell; and that the interest of Mr. and Mrs. Snell is one and the same.

No brief appears in the record in behalf of Mrs. Snell, but the judgment dismissing suit No. 60 entitled Joe Lombardo vs. Mrs. Theresa P. Snell, was evidently based on the ground that the petition of the plaintiff omitted allegations of fact necessary in order to justify the judgment prayed for by the plaintiffs; therefore that judgment is not res adjudicata against suit No. 552; if plaintiff's petition in that case alleges facts sufficient to justify the judgment prayed for.

Laenger vs. Laenger, 138 La. 532, 70 South. 501; Carolina Portland Cement Co. vs. Southern Wood Distillates & Fiber Co., 137 La. 469, 68 South. 831; New York Mercantile Co. vs. Cody Lbr. Co., 133 La. 729, 63 South. 304; Banohan vs. Svarva, 146 La. 909, 84 South. 200; Kittredge vs. Graw, 158 La. 155, 103 South. 723.

The petition in suit No. 552 is not said to be open to the objection urged against suit No. 60; therefore the judgment sustaining the plea of res adjudicata and dismissing suit No. 552, entitled Joe Plantiazo vs. O. C. Snell, is erroneous.

For the above reason the judgment appealed from is annulled, reversed and set, and the case remanded to the lower court for further proceedings, as the law provides.

Defendant and appellant to pay cost of the appeal and the cost of the exception in the lower court.

ELLIOTT, J. In this case, for the reasons stated in suit No. 552 entitled "Joe Plantiazo vs. O. C. Snell", this day decided, the judgment appealed from is affirmed. The plaintiff and appellant to pay the cost in both courts.