ROGERS, J.
 

 The facts leading up to this litigation are briefly and correctly stated in the opinion of this court in Banahan v. Hughes. Sheriff, et al., 158 La. 648, 104 So. 486. Eor convenience, the statement is reproduced here, viz.:
 

 “The defendants have appealed from a-judgment annulling a sale of the plaintiff’s homestead.
 

 “Plaintiff’s husband, Frank C. Banahan, mortgaged. the homestead to one Doll to secure a loan of $1,000. Mrs. Banahan was not a party to the transaction and there was no waiver of the homestead exemption. Doll foreclosed his mortgage by executory proceedings, and the homestead was seized and sold to Carl Svarva for $1,400, at public auction. Thereafter Banahan and his wife, before they were dispossessed of the homestead, sued to annul the sale, claiming the exemption under article 245 of the Constitution of 1913 (article 11 of the Constitution of 1921). The suit was dismissed on an exception of no cause of action, and the plaintiffs appealed. Thereupon Mrs. Banahan, alleging that the sheriff was about to execute a writ of possession, and claiming that the property was exempt as a homestead, brought a new suit and obtained a writ of injunction, preventing execution of the writ of possession. Her suit was also dismissed on an exception of no cause of action, and on a plea of estoppel, and a plea of res judicata. On appeal, the two suits were argued together, and the judgment in each case was annulled. The court held, particularly, that Mrs. Banahan had a right of action to prosecute her suit for the homestead exemption, and that the exemption should be allowed unless the defendants could show that the debt that was 'due to Doll was one of those debts for which, under section 5 of article 245 of the Constitution of 1913 (section 2 of article 11 of the Constitution of 1921), the homestead was not exempt from seizure, as, for example, for the purchase price or any part of the price of the property. See Banahan v. Svarva et al. and Banahan v. Hughes, Sheriff, et al. 146 La. 906, 84 So. 200.”
 

 While the appeals were pending from the judgments on the exceptions, Carl Svarva, •the purchaser of the property at the foreclosure sale, died, and his widow, Mrs. E. M. Svarva, who had been put in possession of his estate, was made a party defendant in the suit. While the appeal was pending from the judgment on the merits, Mrs.. Svarva died, and Mrs. Josephine Haynes was appointed and qualified as the executrix in her succession. Thereafter, during the pendency of said appeal, in an action to enforce certain liens for paving and curbing laid in front of the property, the city of Shreveport obtained a judgment against the said executrix. In execution of this judgment, the property was sold on February 21, 1925, to W. W. Jones for $1,400. After discharging the costs and satisfying the claim of the city, there remained in the sheriff’s hands, out of the proceeds of sale, the sum of $947.18. This balance was paid by the sheriff to Mrs. Josephine Haynes, executrix, through her attorney of record, on March 1, 1925. On April 14, 1925, the property was conveyed by notarial act by Jones, the adjudicatee, to F. G. Banahan and Maude Banahan, his wife. . The consideration for the transfer, as recited in the deed, was $2,000, of which $200 was paid in cash, and the balance of the purchase price, represented by the notes of the purchasers, was made payable at the rate of $50 per month.
 

 Frank C. Banahan died on January 8, 1927, and on March 2,1927, this suit was instituted by Maude Banahan, his widow, against Mrs. Josephine, Haynes, executrix, and T. R. Hughes, the sheriff of the parish, jointly and in solido, to recover the sum of $947.18, representing the net proceeds of the sale made at the instance of the city of Shreveport under the judgment in its favor. Plaintiff alleges that at the time of filing the suit and the date of the sale the property was occupied
 
 *377
 
 by ber and her husband as a homestead; that she had not waived, nor had she been in any manner deprived of, her homestead rights; that the payment by the sheriff of the net proceeds of the sale to Mrs. Haynes, the executrix, and the receipt by her of the said payment, was wrongful and in derogation of plaintiffs rights — -wherefore she prayed for judgment.
 

 The defendants appeared jointly and filed an exception of no cause of action and a plea of prescription, which pleas were overruled. In their answer, defendants denied that plaintiff was entitled to any homestead rights in the property, because she was not the head of a family and had no dependents. They specially alleged that in the prior suits (Banahan v. Svarva and Banahan v. Hughes, Sheriff) she had claimed her homestead rights, but had subsequently waived and abandoned the claim by signing a document with her husband, E. C. Banahan, in which she joined in the request that the causes be dismissed for the reason that the issue involved therein had been settled between the parties; that the document was filed in the_ Supreme Court, and, in consequence thereof, the appeals were dismissed by said court; that it was pursuant to this agreement that the property was sold by the sheriff under the judgment in favor of the city of Shreveport, and that the proceeds thereof, after paying the claim of the judgment creditor, were applied to the payment of the mortgage note on which suit had been brought and enjoined; that the adjudication to W. W. Jones was with thé knowledge and consent of plaintiff, and that subsequently she additionally ratified and approved the adjudication by joining with her husband in the purchase of the property from Jones, the adjudicatee; that plaintiff is estopped from claiming the homestead exemption, which estoppel defendants specially pleaded in bar of plaintiff’s demand.
 

 The judgment of the court below was in favor of plaintiff as prayed for, and the defendants have appealed.
 

 The opinion and decree of this court in Banahan v. Hughes, Sheriff, et al., referred to supra, were entered on April 27, 1925. It appears, however, that prior to that date the parties litigant compromised and settled the litigation, but failed to apprise this court cf that fact.. When the opinion and decree were handed down, the omission was called to their attention, and on May 7, 1925, they filed a joint application for a rehearing, in which they set forth that the suits should be dismissed, for the reason that the issues involved therein had been adjusted and settled between the parties; wherefore .they prayed for the dismissal of the appeal. Accordingly, and for the purpose of annulling the decree entered on April 27, 1925, this court granted a rehearing, and then issued an order dismissing the appeal. See Banahan v. Hughes, 158 La. 652, 104 So. 486.
 

 Plaintiff argues that, because the document filed in this court bears a date subsequent to the date on which the sheriff paid 'the money in dispute to his codefendant, Mrs. Haynes, there was no connection or relation between the agreement and the payment. This by no means follows. It is true that the terms of the agreement and settlement between the parties are not specifically set forth in the document. When defendant, on the trial of the case, attempted to prove by plaintiff’s former attorney the nature and extent of the settlement therein referred to, the testimony, on plaintiff’s objection, was ruled out by the court. Nevertheless,- on the face of the record, it appears that the document and the act of sale from Jones to plaintiff and her husband were executed on the same day. Both instruments were signed by plaintiff as well as by her husband. It is clear, therefore, that they were in some way interrelated. Moreover, the language of the document itself
 
 *379
 
 shows that the compromise and settlement referred to had been actually reached prior to its execution. It was a mere formal acknowledgment of that which had been done before it was signed. Whatever may have been the details of the compromise and settlement between the parties, the document to which they attached their signatures and which is filed in this court, evidences, in unmistakable terms, that all the issues involved in the two cases referred to had been adjusted and settled by them. It requires no stretch of one’s imagination to infer that the adjustment and settlement were reached coincidently with the suit by the city of Shreveport and the sale of the property in execution of the judgment therein rendered in the city’s favor. Certainly, the sheriff, an experienced officer, in view of the litigation then pending, would never have delivered the net proceeds of the sale to Mrs. Haynes, the executrix in Mrs. Svarva’s succession, unless he had received assurances from the interested parties that he could safely do so. Neither at the time of the public sale to Jones nor at the time of the private sale from Jones to plaintiff and her husband did plaintiff assert and demand any homestead rights in the property. Moreover, plaintiff’s title is now deraigned through the very title which she attacked in her suits; i. e., the deed of sale executed by the sheriff to Carl Svarva as a result of the foreclosure suit by Doll. The proceeding by the city of Shreveport was against Svarva, the owner of record, and, under the judgment therein, the property was sold to Jones as the property of Svarva or his heirs. Jones, in turn, as heretofore stated, then sold the property to plaintiff and her husband.
 

 More than two years elapsed between the date of the public adjudication by the sheriff to Jones'and the institution of this suit. In the meantime, plaintiff and her husband, F. C. Banahan, acquired the property from the adjudieatee. Banahan died about two years thereafter, leaving his widow and two major children. This suit was filed two months subsequent to his death. These are significant circumstances, tending to show that plaintiff herself considered all the issues involved in tlie litigation between her and the defendants had been adjusted and settled, and indicating that the claim she is asserting herein was purely an afterthought.
 

 For these reasons, the judgment herein appealed from is set aside, and it is now ordered that there be judgment in favor of the defendants T. R. Hughes, sheriff, and Mrs. Josephine Haynes, executrix, and against the plaintiff, Mrs. Maude Banahan, widow of Frank C. Banahan, rejecting plaintiff’s demands, at her costs.